**FILED**
**MARCH 5, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re Application of Holland Middle East Trading Ltd. to Obtain Discovery For Use in a Suit Pending in the Haarlem District Court of the Kingdom of the Netherlands. | )<br>)<br>)<br>)<br>)<br>) |

**08 C 1344**

### APPLICATION OF HOLLAND MIDDLE EAST TRADING LTD. TO OBTAIN DISCOVERY FOR USE IN A FOREIGN SUIT PURSUANT TO 28 U.S.C. § 1782

**JUDGE CASTILLO**
**MAGISTRATE JUDGE ASHMAN**

Holland Middle East Trading Ltd. (hereinafter referred to as "the Applicant"), by its attorneys, sets forth the following facts in support of its request that this Court provide judicial assistance under 28 U.S.C. § 1782(a):

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal… The order may be made…upon the application of any interested person.

The United States Supreme Court has taken a broad view of the discovery available under the judicial assistance statute. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) ("Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals," *id.* at 247; rejecting pendency and foreign-discoverability requirements).

### Illinois Persons/Entity from which Discovery is Sought

1. The Applicant seeks documents, and depositions if necessary, from the following entities and persons within the Northern District of Illinois:

   a. Lee Scott Hillman, 328 Shoreline Court, Glencoe, Illinois 60022;

   b. Mark Clive Minter, 224 W. Willow Street #2, Chicago, Illinois 60614;

178944_1.DOC

      c. Power Plate North America, 400 Skokie Blvd. Suite 105, Northbrook, Illinois 60062.

**The Netherlands Lawsuit**

2. In 2006, an action entitled *Holland Middle East Trading Ltd. et al. v. Power Plate International B.V., et al.* (case numbers 131861/KG ZA 07-275 and 136287 HAZA 07-778) was commenced by the Applicant in the Haarlem District Court in the Netherlands, and is now pending in that court. Mr. Hillman and Mr. Minter are directors of Power Plate International and defendants in that action. Power Plate North America is not a party to that action, although Power Plate International, an affiliate, is a defendant. Other Dutch defendants are Directors Allan Fisher, Augustinus Van Der Meer, and Van Der Meer's personal companies.

3. The Applicant is an "interested party" as defined in 28 U.S.C. § 1782 because it is one of the complaining parties in the pending Dutch action. The Applicant served Power Plate International as the distributor of its exercise machine to countries throughout the Middle East. Through great personal investment and hard work, the owners of the Applicant built the business into a multi-million dollar distributorship.

4. The Dutch litigation challenges the defendants' unlawful termination of the Applicant's license to distribute the "Power Plate" vibration fitness machine in countries across the Middle East. *See* Koppenol-Laforce Declaration, attached as Exhibit A. The district court judge made a preliminary finding that Power Plate International's "termination of the Agreements was wrong and occurred whilst ignoring all contractual rules applicable between PPI and HMET, simply because PPI wanted to get rid of HMET for commercial reasons." Opinion of the Court of Appeal in

Amsterdam, August 9, 2007, at 8 (characterizing the district court's findings) (attached as Exhibit 2 to Koppenol-Laforce Declaration).

5.  As a result of the preliminary finding that Power Plate International terminated the agreement without sufficient cause, the district court awarded the Applicant an advance of € 900,000 (approximately $1,350,000) on the claimants' damages and projected judgment. Order of the Haarlem District Court, January 17, 2007, at § 6 (attached as Exhibit 1 to Koppenol-Laforce Declaration). The Court of Appeal affirmed this order and, additionally, compelled Power Plate International to pay the Applicant's costs of the appeal. Opinion of the Court of Appeal in Amsterdam, August 9, 2007, at 12.

6.  Power Plate attempted to evade the execution of the judgment. As a result, the district court judge found that the directors were deliberately evading the judgment, and made the directors personally liable for the € 900,000 judgment as well as € 200,000 in costs and fees incurred by the Applicant. Judgment in Summary Proceeding of the Haarlem District Court, July 6, 2007, at 8 (noting that the directors' "financial interests in this case are apparently so large that no means will be left untried and that even the most basic standards of decency may be violated," *id.* at § 7.5) (attached as Exhibit 3 to Koppenol-Laforce Declaration). The directors eventually paid the € 1,100,000 (approximately $1,650,000) judgment.

7.  What lies ahead is completion of the Dutch court proceedings in which claimants will seek to prove at least € 22,000,000 (approximately $33,000,000) in damages. *See* Koppenol-Laforce Declaration at 7.

**Propriety of Request for Judicial Assistance**

  8. Directors Hillman and Minter and Power Plate North America have documents and information relevant to the decision to terminate the Applicant's license to distribute Power Plate vibration machines in the Middle East.

  9. The documents and testimony of these entities and persons must be subpoenaed because of their status as defendants or affiliates of defendants in the Dutch action and their resistance to court proceedings there, as described above. These materials are within the custody and control of these entities and persons, and are located within this judicial district. The discovery requests, attached as Exhibit B, are drafted to obtain information necessary to prosecute the proceedings in the Netherlands.

  10. The defendants in the Dutch litigation have put up obstacles and caused a variety of delays in these proceedings. By bringing an application in the Defendants' home district court, the Applicant is seeking Hillman's, Minter's and Power Plate's evidence and documents where they live and work. Allowing discovery here would facilitate the collection and transmission of information and evidence located in the Chicago area. Therefore, the Applicant's request for judicial assistance is appropriate and is designed to be as convenient as possible for the respondents.

  11. The Applicant will provide notice of this application to the defendants in the Dutch proceedings.

  WHEREFORE, the Applicant prays for an order of this Court directing that it be permitted to take discovery from Mr. Hillman, Mr. Minter and Power Plate North America in accordance with the Federal Rules of Civil Procedure for use in the action entitled *Holland Middle East Trading Ltd. el al. v. Power Plate International B.V.*,

*et al.* now pending in The Netherlands, and for such further relief as the Court may deem just and proper.

Dated: March 5, 2008

                                      Respectfully submitted,

                                      By: s/Lindsay Wilson Gowin

                                      Peter V. Baugher
                                      Lindsay Wilson Gowin
                                      SCHOPF & WEISS LLP
                                      One South Wacker Drive, 28th Floor
                                      Chicago, IL 60606
                                      Telephone: 312.701.9300
                                      Facsimile: 312.701.9335
                                      Email: lgowin@sw.com