**08 C 1344**

**JUDGE CASTILLO**
**MAGISTRATE JUDGE ASHMAN**

# EXHIBIT B

⸺AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| NOTHERN | DISTRICT OF | ILLINOIS |

In re Application of
Holland Middle East Trading Ltd.
to Obtain Discovery For Use in a
Suit Pending in the Haarlem District Court
of the Kingdom of the Netherlands.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]

TO:  Lee Scott Hillman
     328 Shoreline Court
     Glencoe, Illinois 60022

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Schopf & Weiss LLP<br>One South Wacker Drive, 28th floor, Chicago, Illinois 60606 | 4/8/2008 9:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Schopf & Weiss LLP<br>One South Wacker Drive, 28th floor, Chicago, Illinois 60606 | 3/25/2008 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                              SIGNATURE OF SERVER

                                             _____
                                             ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
 (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
 (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
 (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
 (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## **EXHIBIT A**

Please produce the following documents, materials, and tangible things, including where maintained in electronic form, in accordance with the definitions and instructions below:

1. All correspondence, reports, e-mails or other documents to or from any person concerning claimants Holland Middle East Trading Ltd., Franciscus Giezen, Petronella Van Aspert or Power Plate Trading LLC.

2. The 2006 and 2007 annual statements of accounts of Power Plate International B.V. and Power Plate International Ltd. and PPI Acquisition B.V., including any correspondence or reports between the companies and their auditors.

3. All documents pertaining to sales of Power Plate machines within the countries of the United Arab Emirates, Qatar, Bahrain, Kuwait, Saudi Arabia, Iran, Egypt, Lebanon, Oman, Yemen, Jordan or Syria, including invoices from June 1, 2004 to present.

4. All board minutes of Power Plate International B.V., Power Plate North America, Power Plate International Ltd. and PPI Acquisition B.V. from September 2005 to present, including the invitations to the meetings and any documents attached thereto or distributed during the meeting, which relate to any other document request or deposition topic in this application.

5. All documents relating to any Directors & Officers liability insurance policies in effect at any time from July 1, 2005 to present.

6. All correspondence between Minter, Hillman, Van der Meer, Fisher, Mirjam Aalbers about the old and new management contract for Vibe Tribe B.V. relating to management services to be provided by Van der Meer for PPI BV, PPI UK and other PPI companies between January 2006 and November 2007.

7.   All correspondence between Minter, Hillman and Van der Meer, Mirjam Aalbers about the Intellectual Property rights held by Power Plate International B.V., Special Sports Beheer B.V., Special Sports Amstelveen, PPI Acquisitie B.V. and/or Power Plate NA between December 2005 and January 2008.

8.   All documents pertaining to potential, former or actual subdistributors covering the sales territories of United Arab Emirates, Qatar, Bahrain, Kuwait, Saudi Arabia, Iran, Egypt, Lebanon, Oman, Yemen, Jordan or Syria.

9.   All correspondence in regards to the territory India between Power Plate International BV, Power Plate International Ltd., Power Plate NA, Minter, Hillman, Fisher, Van der Meer, Mirjam Aalbers, Chris de Groot, Chris Hill from July 2005 until December 2006.

10.   Copies of the signed distribution/license contracts for Morocco and Tunisia of September 2006 between Power Plate International BV and Koen van den Hoeck (PPI France), and related correspondence.

11.   Documents pertaining to the sale of shares in Power Plate International B.V. and intellectual property rights relating to power plates by Special Sports Beheer B.V. and/or Supervisie Sports B.V. to Power Plate International NA or J.H. Whitney & Co or Power Plate UK, including the following:

   a.   Due diligence reports made by Van Doorne Advocaten or Chadbourne & Park; and

   b.   Signed copy of Indemnity Escrow Agreement.

12.   All documents pertaining to Virgin Active, Virgin Atlantic or Madonna from August 2005 to present.

13. Documents showing assets available to satisfy judgment in the Dutch action, including business and personal assets located in the United States, the United Kingdom or the Netherlands.

## **DEFINITIONS AND INSTRUCTIONS**

1. As used herein, all terms shall have the fullest and broadest meaning accorded to those terms and shall have the meaning generally ascribed to such terms in common parlance. In addition, the words and terms listed below shall have the defined meanings as stated.

2. The terms "Lee Scott Hillman" and "Hillman" and "You" refer to Lee Scott Hillman, his agents, attorneys, accountants, representatives, and anyone acting or purporting to act on his behalf or under his control.

3. "Documents" refer to any and all e-mails, electronic and magnetic files, computer records, writings, correspondence, drawings, charts, accounting or financial records, voicemails, photographs, phone records, databases, spreadsheets, and other compilations from which data can be obtained, broadly interpreted to include all items discoverable under the Federal Rules of Civil Procedure. The fact that a document exists solely in electronic form does not alter the application of this subpoena to it.

4. "Relating or referring to" means directly or indirectly reflecting, concerning, evidencing, constituting, pertaining to, consisting of, containing information about, or in any way legally, logically, or factually connected with the stated person or subject matter.

5. Unless otherwise specified, the time period for each request is July 1, 2005 to the present.

6. You are obliged to produce every responsive document in your possession, custody, or control, including documents in the possession or custody of your attorneys, accountants, and agents.

7. If any document requested was at one time but is no longer in existence, as to each document, each party that had possession, custody or control of such document shall identify: the type (*e.g.*, electronic file, letter, memorandum, spreadsheet); the date; its subject matter; the author(s); addressor(s) or originator(s); for communications, the addressee(s); all persons to whom it was distributed, shown or explained; the number of pages or amount of data, attachments and appendices; the date upon which the document ceased to exist; the circumstances under which it ceased to exist; the identity of all persons having knowledge of the contents of such document; the person authorizing the destruction; and the person destroying the document.

8. With respect to any document or information that you withhold on a claim of a protection or privilege, produce all portions of the document or information over which you do not claim a protection or privilege, and provide a statement signed by your attorney setting forth as to each document, portion thereof, or item of information withheld: (a) the date, nature, and subject matter of the document or information; (b) the source of the document or information and the identity of all persons who have knowledge of the document or information; (c) the identity of all persons with who you communicated in any way concerning the document or information, including all persons present when such communications were made or received; and (d) all facts which you claim give rise to the protection or privilege.

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN　　　　　　　　　DISTRICT OF　　　　　　　　ILLINOIS

In re Application of
Holland Middle East Trading Ltd.
to Obtain Discovery For Use in a
Suit Pending in the Haarlem District Court
of the Kingdom of the Netherlands.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]

TO:　Mark Clive Minter
　　　224 West Willow Street, #2
　　　Chicago, Illinois 60614

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | |
|  | DATE AND TIME |
|  | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Schopf & Weiss LLP<br>One South Wacker Drive, 28th floor, Chicago, Illinois 60606 | 4/9/2008 9:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See attached Exhibit A.

| PLACE | DATE AND TIME |
| --- | --- |
| Schopf & Weiss LLP<br>One South Wacker Drive, 28th floor, Chicago, Illinois 60606 | 3/25/2008 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  | |

　　Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
|  | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|   | DATE | PLACE |
|---|------|-------|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                              DATE                                                    SIGNATURE OF SERVER

                                                                                       _____
                                                                                       ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**EXHIBIT A**

Please produce the following documents, materials, and tangible things, including where maintained in electronic form, in accordance with the definitions and instructions below:

1. All correspondence, reports, e-mails or other documents to or from any person concerning claimants Holland Middle East Trading Ltd., Franciscus Giezen, Petronella Van Aspert or Power Plate Trading LLC.

2. The 2006 and 2007 annual statements of accounts of Power Plate International B.V. and Power Plate International Ltd. and PPI Acquisition B.V., including any correspondence or reports between the companies and their auditors.

3. All documents pertaining to sales of Power Plate machines within the countries of the United Arab Emirates, Qatar, Bahrain, Kuwait, Saudi Arabia, Iran, Egypt, Lebanon, Oman, Yemen, Jordan or Syria, including invoices from June 1, 2004 to present.

4. All board minutes of Power Plate International B.V., Power Plate North America, Power Plate International Ltd. and PPI Acquisition B.V. from September 2005 to present, including the invitations to the meetings and any documents attached thereto or distributed during the meeting, which relate to any other document request or deposition topic in this application.

5. All documents relating to any Directors & Officers liability insurance policies in effect at any time from July 1, 2005 to present.

6. All correspondence between Minter, Hillman, Van der Meer, Fisher, Mirjam Aalbers about the old and new management contract for Vibe Tribe B.V. relating to management services to be provided by Van der Meer for PPI BV, PPI UK and other PPI companies between January 2006 and November 2007.

7. All correspondence between Minter, Hillman and Van der Meer, Mirjam Aalbers about the Intellectual Property rights held by Power Plate International B.V., Special Sports Beheer B.V., Special Sports Amstelveen, PPI Acquisitie B.V. and/or Power Plate NA between December 2005 and January 2008.

8. All documents pertaining to potential, former or actual subdistributors covering the sales territories of United Arab Emirates, Qatar, Bahrain, Kuwait, Saudi Arabia, Iran, Egypt, Lebanon, Oman, Yemen, Jordan or Syria.

9. All correspondence in regards to the territory India between Power Plate International BV, Power Plate International Ltd., Power Plate NA, Minter, Hillman, Fisher, Van der Meer, Mirjam Aalbers, Chris de Groot, Chris Hill from July 2005 until December 2006.

10. Copies of the signed distribution/license contracts for Morocco and Tunisia of September 2006 between Power Plate International BV and Koen van den Hoeck (PPI France), and related correspondence.

11. Documents pertaining to the sale of shares in Power Plate International B.V. and intellectual property rights relating to power plates by Special Sports Beheer B.V. and/or Supervisie Sports B.V. to Power Plate International NA or J.H. Whitney & Co or Power Plate UK, including the following:

    a. Due diligence reports made by Van Doorne Advocaten or Chadbourne & Park; and

    b. Signed copy of Indemnity Escrow Agreement.

12. All documents pertaining to Virgin Active, Virgin Atlantic or Madonna from August 2005 to present.

13. Documents showing assets available to satisfy judgment in the Dutch action, including business and personal assets located in the United States, the United Kingdom or the Netherlands.

## **DEFINITIONS AND INSTRUCTIONS**

1. As used herein, all terms shall have the fullest and broadest meaning accorded to those terms and shall have the meaning generally ascribed to such terms in common parlance. In addition, the words and terms listed below shall have the defined meanings as stated.

2. The terms "Mark Clive Minter" and "Minter" and "You" refer to Mark Clive Minter, his agents, attorneys, accountants, representatives, and anyone acting or purporting to act on his behalf or under his control.

3. "Documents" refer to any and all e-mails, electronic and magnetic files, computer records, writings, correspondence, drawings, charts, accounting or financial records, voicemails, photographs, phone records, databases, spreadsheets, and other compilations from which data can be obtained, broadly interpreted to include all items discoverable under the Federal Rules of Civil Procedure. The fact that a document exists solely in electronic form does not alter the application of this subpoena to it.

4. "Relating or referring to" means directly or indirectly reflecting, concerning, evidencing, constituting, pertaining to, consisting of, containing information about, or in any way legally, logically, or factually connected with the stated person or subject matter.

5. Unless otherwise specified, the time period for each request is July 1, 2005 to the present.

6. You are obliged to produce every responsive document in your possession, custody, or control, including documents in the possession or custody of your attorneys, accountants, and agents.

7. If any document requested was at one time but is no longer in existence, as to each document, each party that had possession, custody or control of such document shall identify: the type (*e.g.*, electronic file, letter, memorandum, spreadsheet); the date; its subject matter; the author(s); addressor(s) or originator(s); for communications, the addressee(s); all persons to whom it was distributed, shown or explained; the number of pages or amount of data, attachments and appendices; the date upon which the document ceased to exist; the circumstances under which it ceased to exist; the identity of all persons having knowledge of the contents of such document; the person authorizing the destruction; and the person destroying the document.

8. With respect to any document or information that you withhold on a claim of a protection or privilege, produce all portions of the document or information over which you do not claim a protection or privilege, and provide a statement signed by your attorney setting forth as to each document, portion thereof, or item of information withheld: (a) the date, nature, and subject matter of the document or information; (b) the source of the document or information and the identity of all persons who have knowledge of the document or information; (c) the identity of all persons with who you communicated in any way concerning the document or information, including all persons present when such communications were made or received; and (d) all facts which you claim give rise to the protection or privilege.

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

In re Application of
Holland Middle East Trading Ltd.
to Obtain Discovery For Use in a
Suit Pending in the Haarlem District Court
of the Kingdom of the Netherlands.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]

TO: Power Plate North America
400 Skokie Boulevard, Suite 105
Chicago, Illinois 60062

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case pursuant to F.R.Civ. P. 30(b)(6) on the topics listed on Exhibit B.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Schopf & Weiss LLP<br>One South Wacker Drive, 28th floor, Chicago, Illinois 60606 | 4/7/2008 9:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Schopf & Weiss LLP<br>One South Wacker Drive, 28th floor, Chicago, Illinois 60606 | 3/25/2008 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## **EXHIBIT A**

Please produce the following documents, materials, and tangible things, including where maintained in electronic form, in accordance with the definitions and instructions below:

1. All correspondence, reports, e-mails or other documents to or from any person concerning claimants Holland Middle East Trading Ltd., Franciscus Giezen, Petronella Van Aspert or Power Plate Trading LLC.

2. The 2006 and 2007 annual statements of accounts of Power Plate International B.V. and Power Plate International Ltd. and PPI Acquisition B.V., including any correspondence or reports between the companies and their auditors.

3. All documents pertaining to sales of Power Plate machines within the countries of the United Arab Emirates, Qatar, Bahrain, Kuwait, Saudi Arabia, Iran, Egypt, Lebanon, Oman, Yemen, Jordan or Syria, including invoices from June 1, 2004 to present.

4. All board minutes of Power Plate International B.V., Power Plate North America, Power Plate International Ltd. and PPI Acquisition B.V. from September 2005 to present, including the invitations to the meetings and any documents attached thereto or distributed during the meeting, which relate to any other document request or deposition topic in this application.

5. All documents relating to any Directors & Officers liability insurance policies in effect at any time from July 1, 2005 to present.

6. All correspondence between Minter, Hillman, Van der Meer, Fisher, Mirjam Aalbers about the old and new management contract for Vibe Tribe B.V. relating to management services to be provided by Van der Meer for PPI BV, PPI UK and other PPI companies between January 2006 and November 2007.

7. All correspondence between Minter, Hillman and Van der Meer, Mirjam Aalbers about the Intellectual Property rights held by Power Plate International B.V., Special Sports Beheer B.V., Special Sports Amstelveen, PPI Acquisitie B.V. and/or Power Plate NA between December 2005 and January 2008.

8. All documents pertaining to potential, former or actual subdistributors covering the sales territories of United Arab Emirates, Qatar, Bahrain, Kuwait, Saudi Arabia, Iran, Egypt, Lebanon, Oman, Yemen, Jordan or Syria.

9. All correspondence in regards to the territory India between Power Plate International BV, Power Plate International Ltd., Power Plate NA, Minter, Hillman, Fisher, Van der Meer, Mirjam Aalbers, Chris de Groot, Chris Hill from July 2005 until December 2006.

10. Copies of the signed distribution/license contracts for Morocco and Tunisia of September 2006 between Power Plate International BV and Koen van den Hoeck (PPI France), and related correspondence.

11. Documents pertaining to the sale of shares in Power Plate International B.V. and intellectual property rights relating to power plates by Special Sports Beheer B.V. and/or Supervisie Sports B.V. to Power Plate International NA or J.H. Whitney & Co or Power Plate UK, including the following:

    a. Due diligence reports made by Van Doorne Advocaten or Chadbourne & Park; and

    b. Signed copy of Indemnity Escrow Agreement.

12. All documents pertaining to Virgin Active, Virgin Atlantic or Madonna from August 2005 to present.

13. Documents showing assets available to satisfy judgment in the Dutch action, including business and personal assets located in the United States, the United Kingdom or the Netherlands.

## **DEFINITIONS AND INSTRUCTIONS**

1. As used herein, all terms shall have the fullest and broadest meaning accorded to those terms and shall have the meaning generally ascribed to such terms in common parlance. In addition, the words and terms listed below shall have the defined meanings as stated.

2. "You" refers to Power Plate North America, its predecessors, successors, affiliates, related entities, officers, directors, employees, agents, and anyone acting on its behalf or under its control.

3. "Documents" refer to any and all e-mails, electronic and magnetic files, computer records, writings, correspondence, drawings, charts, accounting or financial records, voicemails, photographs, phone records, databases, spreadsheets, and other compilations from which data can be obtained, broadly interpreted to include all items discoverable under the Federal Rules of Civil Procedure. The fact that a document exists solely in electronic form does not alter the application of this subpoena to it.

4. "Relating or referring to" means directly or indirectly reflecting, concerning, evidencing, constituting, pertaining to, consisting of, containing information about, or in any way legally, logically, or factually connected with the stated person or subject matter.

5. Unless otherwise specified, the time period for each request is July 1, 2005 to the present.

6. You are obliged to produce every responsive document in your possession, custody, or control, including documents in the possession or custody of your attorneys, accountants, and agents.

7. If any document requested was at one time but is no longer in existence, as to each document, each party that had possession, custody or control of such document shall identify: the type (*e.g.*, electronic file, letter, memorandum, spreadsheet); the date; its subject matter; the author(s); addressor(s) or originator(s); for communications, the addressee(s); all persons to whom it was distributed, shown or explained; the number of pages or amount of data, attachments and appendices; the date upon which the document ceased to exist; the circumstances under which it ceased to exist; the identity of all persons having knowledge of the contents of such document; the person authorizing the destruction; and the person destroying the document.

8. With respect to any document or information that you withhold on a claim of a protection or privilege, produce all portions of the document or information over which you do not claim a protection or privilege, and provide a statement signed by your attorney setting forth as to each document, portion thereof, or item of information withheld: (a) the date, nature, and subject matter of the document or information; (b) the source of the document or information and the identity of all persons who have knowledge of the document or information; (c) the identity of all persons with who you communicated in any way concerning the document or information, including all persons present when such communications were made or received; and (d) all facts which you claim give rise to the protection or privilege.

**EXHIBIT B**

**TOPICS FOR DEPOSITION PURSUANT TO FEDERAL RULE
OF CIVIL PROCEDURE 30(B)(6)**

Please designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, to provide testimony on each of the following topics:

1. The decision to terminate claimant Holland Middle East Trading Ltd.'s Power Plate distribution agreements.

2. Sales of Power Plates made within the sales territories of United Arab Emirates, Qatar, Bahrain, Kuwait, Saudi Arabia, Iran, Egypt, Lebanon, Oman, Yemen, Jordan or Syria from October 1, 2006 to the present.

3. The corporate and operational relationship between Power Plate North America and other Power Plate entities.

4. The corporate and operational relationships between Power Plate North America and Power Plate International B.V.

5. The sale of shares in Power Plate International B.V. and intellectual property rights relating to Power Plates by Special Sports Beheer B.V. and/or Supervisie Sports B.V. to Power Plate International NA or J.H. Whitney & Co. or Power Plate UK in 2006.

6. Discussions and agreements with potential, former or actual subdistributors within Holland Middle East Trading Ltd.'s Power Plate sales territories.

7. Sales leads provided by Holland Middle East Trading Ltd. to Power Plate entities.

8. Compliance with orders issued by judges in the Dutch action entitled *Holland Middle East Trading Ltd. et al. v. Power Plate International B.V., et al.*

9. The decision to initiate a lawsuit against Holland Middle East Trading Ltd. in Dubai, UAE.

10. Debts owed in October, November and December of 2006 by Holland Middle East Trading Ltd. to Power Plate International.

11. Assets of defendants available to satisfy judgment in the Dutch action.

179154_1.DOC