IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re Application of Holland Middle East Trading Ltd. to Obtain Discovery for Use in a Suit Pending in the Haarlam District Court of the Kingdom of the Netherlands | Case No. 08-CV-1344<br><br>Hon. Ruben Castillo<br><br>Magistrate Judge Martin C. Ashman |

### RESPONDENTS' MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, TO AMEND ORDER OF MARCH 17, 2008

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, Lee Scott Hillman, Mark Clive Minter, and Power Plate North America (collectively, "Respondents") hereby respectfully request that the Court reconsider its Order of March 17, 2008 ("the Order"), granting Applicant Holland Middle East Trading Ltd.'s ("HMET's") "Application to Obtain Discovery" and, instead, deny the Application. In the alternative, Respondents respectfully request that the Court amend the Order to require reciprocal discovery from HMET and its principals. Either way, pending resolution of this Motion, Respondents respectfully request that the Court stay enforcement of the Order.

*First,* in its Application, HMET failed to inform the Court that a case HMET itself cites, *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), requires the Court to assess several "discretionary factors" when ruling on an Application under 28 U.S.C. §1782. This failure, combined with the fact that Respondents were not afforded an opportunity to object to the Application and to alert the Court to this controlling precedent, precluded the Court from exercising its discretion when considering the Application, as §1782 and *Intel* require.

1

***Second***, an evaluation of the discretionary factors set forth in *Intel* demonstrates the impropriety of HMET's request, because, among other things: (a) two Respondents are already parties to the foreign proceeding, and the third has no relevant connection thereto; (b) the independent tribunal of a foreign sovereign nation has no need of this Court's assistance in discovery matters; (c) HMET's conduct is designed simply to circumvent Dutch discovery rules; and (d) HMET's requests, as written, are overly broad, unduly burdensome, violative of applicable privileges, and designed to impose undue costs on Respondents.

***Third***, even if the Court were to exercise its discretion and uphold the Application, the Court could, and should, condition the requested discovery on HMET's provision of reciprocal discovery to Respondents, including the submission of HMET's principals to the *in personam* jurisdiction of this Court.

Consequently, Respondents respectfully request that the Court deny the Application or, solely in the alternative, require HMET to provide reciprocal discovery as a condition precedent to receiving discovery from Respondents. Respondents further request that the Court stay enforcement of its March 17 Order, pending a ruling on the instant motion.

## FACTUAL BACKGROUND

### Proceedings in the Netherlands

The basic procedural history of the action in the Netherlands is not in dispute.[1] In December of 2006, HMET (a British Virgin Islands legal entity established in Dubai, United Arab Emirates) and its two principals (Franz Geisen and Petronella van Aspert) (collectively, "Plaintiffs") commenced "summary proceedings" against Power Plate International B.V. (a

---

[1] HMET's allegations regarding the "merits" of the Dutch lawsuit are irrelevant to the proceedings before this Court, as none of these alleged "facts" plays any role in the Court's exercise of discretion under §1782 or *Intel*. Unlike HMET, Respondents will focus this section of their motion on those facts that relate to the issue before this Court.

2

limited liability Dutch company) (hereinafter "PPI") in the Haarlem Court, Haarlem, Kingdom of the Netherlands.[2] In their complaint, Plaintiffs alleged that PPI had wrongfully terminated their license to distribute Power Plate exercise equipment in certain Middle Eastern countries. Plaintiffs later expanded the proceedings by naming as defendants other Dutch entities, as well as certain directors of PPI, including Respondents Mark Minter and Lee Hillman.[3] Thus, at all times, Messrs. Minter and Hillman have been subject to the jurisdiction of the Dutch courts, and the dispute between the parties has – in conformity with their written contract – proceeded in the Netherlands.

As independent courts of a sovereign nation, the Dutch courts adjudicating the HMET-PPI dispute have full authority over the parties before them and can order compliance with Dutch procedural rules governing evidence-gathering. *See* Declaration of Arnoud Fioole, ¶4 (attached hereto as "Exhibit A"). In this instance, the Dutch courts have the power to order the parties to produce relevant documents, including bookkeeping and accounting records. Fioole Decl. ¶5. The Dutch courts also have the power, upon proper request from the parties, to compel court-supervised witness testimony from both the parties and non-party witnesses.[4] Fioole Decl. ¶6.

Unlike in America, however, Dutch law provides for "summary proceedings," in which the parties preliminarily submit their dispute to the Dutch courts in letter form, attaching whatever documents they believe to be relevant to the parties' dispute.[5] Fioole Decl. ¶8. In this

---

[2] Before HMET filed suit in the Netherlands, PPI had sued HMET in Dubai, but HMET convinced the Dutch courts to stay the Dubai action, in light of a contractual provision that required the adjudication of disputes in the Netherlands.

[3] There are currently four suits pending between the parties: two in the Netherlands, one in the United Kingdom, and the "stayed" action in Dubai.

[4] In its Application, HMET does not, because it cannot, allege that Plaintiffs have somehow been prevented from fully availing themselves of the discovery mechanisms allowed under Dutch law.

[5] Thus, HMET's intimation that the Dutch courts have "found" in its favor is an overstatement.

3

case, the parties engaged in such "summary proceedings," which led to preliminary money judgments against the defendants. Defendants, in submission to the jurisdiction of the Dutch courts, finally and fully satisfied these preliminary judgments. Id. Notably, however, at no time during the Dutch proceedings has HMET requested – either directly from Mr. Hillman, Mr. Minter, or PPI or through the Dutch courts – any documents or testimony from any of these parties, including any of the information HMET now seeks by way of subpoenas before this Court. Fioole Decl. ¶10.

### Proceedings in the United States

On March 5, 2008, HMET filed its "Application of Holland Middle East Trading Ltd. To Obtain Discovery For Use In A Foreign Suite [sic] Pursuant To 28 U.S.C. §1782," which it served on Respondents, as follows: (1) Mark Minter and Lee Hillman: March 6, 2008; (2) Power Plate North America:[6] March 7, 2008. HMET noticed its Application for presentment on Tuesday, March 11, 2008.

On Monday, March 10, 2008, this Court entered a Minute Order postponing the presentment date on the Application until Tuesday, March 18, 2008. On Monday, March 17, while preparing for the presentment, Respondents' counsel received notice of the Court's Order granting the Application and retaining jurisdiction over any discovery conducted pursuant to the authority granted thereunder. At that point, Respondents had neither appeared in the matter nor been afforded the opportunity to file a brief in opposition to the Application, which had not yet been presented before the Court. Thus, the instant Motion for Reconsideration.

---

[6] Power Plate North America ("PPNA") is the North American distributor for Power Plate exercise equipment. It is not a party to the Dutch proceedings and had nothing to do with HMET's distributor relationship with PPI. Fioole Decl. ¶11. As such, there is no reason to believe that PPNA would possess in this District – as HMET asserts in its Application and accompanying Affidavit – any documents relevant to the Dutch proceedings.

4

## ARGUMENT

### I. HMET FAILED TO APPRISE THE COURT OF SUPREME COURT PRECEDENT THAT CONTROLS THE §1782 ANALYSIS.

As the language of 28 U.S.C. §1782 makes clear, the decision to grant or to deny an application rests within the sound discretion of the District Court. *See* 28 U.S.C. §1782 (stating that the "district court of the district in which a person resides or is found *may* order him to give his testimony . . . or produce a document . . . ."). In its *Intel* decision, the U.S. Supreme Court set forth four specific factors that the District Courts are required to consider when exercising their discretion under §1782. *See Intel Corp. v. Advanced Micro Devices, Inc.* 542 U.S. 241, 264-65 (2004) (enumerating the factors as: (a) the status of respondents as parties or non-parties to the foreign suit; (b) the nature of the foreign tribunal, type of proceeding, and receptivity of the tribunal to U.S. assistance; (c) the applicant's possible intention to circumvent discovery restrictions imposed in the foreign suit; and (d) the burdensomeness of the proposed discovery).

Although HMET cited the *Intel* decision, it did so solely as a means of arguing that §1782 authorized sweeping discovery of U.S.-based parties for use in foreign proceedings. *See, e.g.*, Application at 1 (citing *Intel* and stating that the Supreme Court "has taken a broad view of the discovery available under the judicial assistance statute"). At no point did HMET apprise the Court of the *Intel* factors that it must consider in order properly to exercise its discretion under §1782. By failing to alert the Court to these factors, HMET has, either intentionally or inadvertently, precluded the Court from appropriately exercising its discretion in assessing the Application. As such, reconsideration of the Order is warranted.

II.  **A PROPER ANALYSIS OF THE *INTEL* FACTORS DEMONSTRATES THAT THE APPLICATION SHOULD BE DENIED.**

   A.  **Respondents Are Either Subject To The Jurisdiction Of The Dutch Courts Or Irrelevant To The Proceedings In The Netherlands.**

In *Intel*, the Supreme Court observed that where the target of a §1782 application is a party to the foreign proceeding, there may be no need for U.S. discovery assistance, because the foreign tribunal already has jurisdiction over the party for purposes of enforcing discovery rules. 542 U.S. at 264. As noted above, Respondents Minter and Hillman are parties to the Dutch proceedings, are subject to the jurisdiction of the Dutch courts, and have fully complied with all orders of those courts in the context of the Dutch proceedings. As such, there is simply no need for HMET to employ a U.S. discovery stratagem to harass, and impose additional costs upon, Messrs. Minter and Hillman. *See, e.g., Schmitz v. Bernstein, Liebhard & Lifshitz, LLP*, 376 F.2d 79, 85 (2nd Cir. 2004) (***denying*** §1782 application with respect to a party to the foreign proceeding); *In re Application of Nokia Corp.*, 2007 WL 1729664 at *5 (W.D. Mich. Jun. 13, 2007) (same); *In re Application of Digitechnic*, 2007 WL 1367697 at *4 (W.D. Wash. May 8, 2007) (same); *Advanced Micro Devices, Inc. v. Intel Corp.*, 2004 WL 2282320 at *2 (N.D. Cal. Oct. 4, 2004) (same).

While PPNA is not a party to the Dutch proceedings, there is good reason for that: PPNA is nothing more than the North American distributor of Power Plate equipment. It has no relationship, contractual or otherwise, with HMET and its principals, nor did it play any role whatsoever in the underlying contract termination dispute between Plaintiffs and PPI. Fioole Decl. ¶11. As such, for HMET to contend, as it does, that PPNA possesses relevant documents within this judicial district is both speculative and illogical. *See* Application at 4 (asserting that PPNA has "documents and information relevant to the decision to terminate the Applicant's

license," that "[t]hese materials . . . *are located within this judicial district*," and that the "information and evidence [is] *located in the Chicago area*") (emphasis added).[7]

A more logical explanation for HMET's targeting of PPNA is that HMET seeks merely to use PPNA as a "back door" to discovery of and from its European Power Plate adversaries. Indeed, by defining PPNA to include all of PPNA's "affiliates," HMET clearly seeks documents that (1) do not belong to PPNA, and (2) are located not in this District, but abroad. Under *Intel* and its progeny, however, such foreign discovery is impermissible through §1782. *See Norex Petro. Ltd. v. Chubb Ins. Co. of Canada*, 384 F. Supp. 2d 45, 52 (D.D.C. 2005) (finding that the "body of [post-*Intel*] caselaw suggests that §1782 is not properly used to seek documents held outside the United States"); *see also Kestrel Coal v. Joy Global*, 362 F.3d 401, 404 (7th Cir. 2004) (*reversing* grant of §1782 application and finding that §1782 was not intended to allow foreign litigants to use U.S. courts to obtain discovery from foreign entities through their U.S.-based affiliated entities).

> **B.  HMET Does Not Need The Assistance Of This Court In Order To Obtain Discovery For Use In The Dutch Proceedings.**

In *Intel*, the Supreme Court directed District Courts to evaluate the nature of the foreign tribunal, the type of proceeding pending therein, and the "receptivity" of the tribunal to U.S. discovery. 541 U.S. at 264. This trio of factors suggests a concern about the authority of foreign tribunals, the formality of foreign proceedings, and the mechanisms available for ensuring equity in the foreign discovery process. In this case, none of these concerns supports the Application.

---

[7] The wholly speculative nature of HMET's request is manifest in the improper Declaration of its Dutch counsel, who asserts, without ever having received any documents from PPNA, that these phantom documents (a) "are *central* to the prosecution of the case pending in the Netherlands;" (b) "will shed light on the true reasons that [HMET's] distributorship agreements were terminated;" and (c) "*may* show that the directors of Power Plate have illicitly shifted its assets to a different corporate entity, leaving nothing but a shell corporation from which [HMET] cannot collect." *See* Declaration of Marielle Koppenol-Laforce, ¶8 (emphasis added). Assuming, *arguendo*, that these assertions are not perjurious, the Court should strike them as scandalous speculation that has no place in what purports to be a statement of facts *known* to the declarant.

7

The foreign proceedings in question are occurring in the courts of the Kingdom of the Netherlands, a sovereign nation with a well-established and independent judiciary. Fioole Decl. ¶4. The Haarlem Court is fully authorized to supervise, and to compel, evidence collection in proceedings before it. Id. In the action at issue, the Haarlem Court has experienced no difficulty in exercising jurisdiction over the parties, supervising discovery, or securing payment from the defendants based on its "preliminary findings." Fioole Decl. ¶8. Yet HMET never even bothered to request in the Dutch litigation the discovery it now demands under the authority of this Court. Id. ¶10. There is simply no need for HMET to obtain extraterritorial assistance when it has failed to avail itself of well-established Dutch evidence-gathering procedures. *See, e.g., Digitechnic*, 2007 WL 1367697 at *4 (*denying* §1782 application where, among other things, the requested discovery was subject to the jurisdiction of the foreign tribunal); *In re Application of Microsoft Corp.*, 428 F.Supp.2d 188, 194 (S.D.N.Y. 2006) (*denying* §1782 application where the evidence sought was available through the foreign jurisdiction's discovery processes); *Advanced Micro Devices,* 2004 WL 2282320 at *2 (*denying* §1782 application and holding that plaintiff AMD did not need U.S. assistance to obtain evidence, because the foreign tribunal had jurisdiction over defendant Intel). Such a demand is particularly inappropriate here, because (1) the PPI-HMET contract specifies the Haarlem Court in the Netherlands as the court of exclusive jurisdiction for the adjudication of any disputes arising therefrom, and (2) Plaintiffs used the Dutch courts to prevent the defendants from seeking relief in the courts of Dubai, UAE, where HMET is based. Fioole Decl. ¶12.

C.   **HMET's Application Is An Attempt To Circumvent The Proof-Gathering Limits Imposed By Dutch Law.**

In *Intel*, the Supreme Court cautioned against applications that "conceal[] an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country." 541 U.S.

8

at 264. HMET's Application reflects just such a covert effort, as Dutch law does not permit the expansive, American-style discovery that HMET seeks here.

First, while parties to a Dutch legal proceeding may exchange documents of relevance to the dispute, sweeping document requests are unauthorized, nor does Dutch law allow any document discovery from a non-party like PPNA. Fioole Decl. ¶5. Yet here, HMET seeks to serve extremely broad document requests, including demands that a non-party, PPNA, produce documents that, if they even exist, would (1) belong to <u>parties</u> to the Dutch litigation, and (2) be located in Europe.

Second, "depositions," as U.S. attorneys understand them, are not routine in the Netherlands. Instead, the party requesting pretrial witness testimony must summon specific witnesses and allow the court to conduct the questioning; the court has discretion to grant or to deny such a request. If the court grants the request and questions a witness, the parties' counsel may conduct follow-up examinations, under the court's supervision. Fioole Decl. ¶6. Furthermore, Dutch discovery rules do not provide for 30(b)(6)-type "representative witness" depositions. Fioole Decl. ¶¶7, 13. Yet here, HMET seeks unilaterally to subpoena the depositions of two parties to the Dutch proceedings <u>and</u> the "representative witness" deposition of a non-party.

Moreover, HMET has drafted its document and deposition discovery demands secure in the knowledge that Respondents cannot compel HMET and its principals to provide similar evidence in the Dutch litigation, thus ensuring a one-sided discovery process that neither Dutch nor U.S. law would countenance. Under these circumstances, denial of the Application is warranted. *See, e.g., In re Digitechnic*, 2007 WL 1367697 at *4 (***denying*** §1782 application as an attempt to circumvent French discovery rules); *In re Microsoft*, 2006 WL 1344091 at *3

9

(*denying* §1782 application where the application sought to circumvent the tribunal's procedures and to disrupt the balance that European laws struck regarding equitable discovery).

### D. HMET's Requests Are Unduly Burdensome, Intrusive, And Otherwise Improper Under *Intel* And The Federal Rules Of Civil Procedure.

The final *Intel* discretionary factor concerns the burden and intrusion imposed by the foreign party's discovery requests. 541 U.S. at 265. In this regard, post-*Intel* decisions have focused primarily on two factors: (1) whether the requests are narrowly tailored to the specific subject matter of the foreign action; and (2) whether the applicant seeks materials that are protected from disclosure under U.S. or foreign law. *E.g., Advanced Micro Devices*, 2004 WL 2282320 at *3; *In re Microsoft*, 428 F. Supp. 2d at 196.[8]

In this case, HMET's discovery requests fail both of these tests, as the requests are facially overbroad, unduly burdensome, and potentially violative of Respondents' privileges. By way of example only:

- HMET defines Respondents Minter and Hillman to include agents, attorneys, accountants, and anyone purporting to act on their behalf, and it defines Respondent PPNA to include all "affiliates, related entities, officers, directors, employees, agents, and anyone acting on its behalf or its control." Searches based on such parameters would be absurdly burdensome and expensive and would involve materials well outside the bounds of this jurisdiction. *See* Instruction No. 2 to Proposed Subpoenas.

- Despite the language of 28 U.S.C. §1782(b) – which precludes discovery of privileged materials – HMET requests documents from attorneys and accountants, without any regard for applicable Illinois, U.S., Dutch, U.K., and E.U. privilege law. *See* Instruction No. 6 to Proposed Subpoenas.

- HMET's proposed subpoena directed to non-party PPNA requests documents that are almost exclusively within the possession, custody, and control of *PPI*, the Dutch company that is a party to proceedings in the Netherlands. *See* Request Nos. 1-13 in Proposed Subpoenas. The Court should not countenance HMET's attempt to use non-party PPNA as a back door into the files of PPI (which is subject to the jurisdiction of the

---

[8] In cases where discovery is available in the foreign jurisdiction, the Court may conclude that the §1782 request is merely duplicative or vexatious. *See* Fed. R. Civ. P. 26(b)(2); *In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago*, 848 F.2d 1151, 1156 (11th Cir. 1988) (noting that if the court "suspects that the [§1782] request is a 'fishing expedition' or a vehicle for harassment, the district court should deny the request").

LP 1589559.1 \ 34480-74686

- Dutch courts), especially when HMET has failed to request these materials directly from PPI.

- HMET repeatedly asserts that it has prevailed on liability in the Dutch courts and that the proceeding is now focused on HMET's claim to $33,000,000.00 in damages. *See* Application ¶¶5-7. Yet almost all of HMET's requests relate to "the decision to terminate" its distributorship license, which is a liability, not a damages, issue. If, as HMET claims, HMET has already proved liability, it does not need such discovery "for use in a foreign proceeding," as §1782 requires. Rather, the proposed service of such discovery is designed merely to harass, and impose unnecessary costs upon, Messrs. Minter and Hillman and upon non-party PPNA.

- As written, HMET's "definitions" and "instructions" would require non-party PPNA to incur substantial costs to search for electronic and hard copy information, even though PPNA has, and had, no involvement in the underlying dispute between HMET and PPI.

- HMET's proposed subpoenas seek sensitive, non-public, financial information regarding Respondents Minter and Hillman, as well as proprietary, trade secret, and competitively-sensitive information from PPNA, such as both its and PPI's finances and business strategies. *See* Request Nos. 2, 4, and 13 in Proposed Subpoenas. None of this information is relevant to liability or even to the damages claims that HMET contends are now at issue in the Dutch proceedings.

In short, HMET's assertion that it has promulgated discovery in a form "as convenient as possible for Respondents" is merely hyperbole. Compliance with HMET's requests would impose undue burden and cost on all Respondents, though such burdens are, perhaps, most egregious with respect to non-party PPNA, which does not have a dog in this fight.

Based on all of the foregoing *Intel* factors, the Court should reconsider the Order and deny HMET's §1782 Application.

### III. IN THE ALTERNATIVE, THE COURT SHOULD AMEND THE ORDER TO REQUIRE RECIPROCAL DISCOVERY.

In *Intel*, the Supreme Court confronted a significant policy conundrum: how to maintain parity between the litigants when a foreign party uses §1782 to obtain discovery that its American adversary cannot obtain in the foreign jurisdiction. 541 U.S. at 261-62. The Supreme Court's answer was simple: allow District Courts to condition the requested discovery upon the

11

foreign party's reciprocal exchange of information with the domestic party. Id. at 262. Thus, if the Court should decide to affirm its Order permitting HMET to serve discovery subpoenas on Respondents (subpoenas that seek non-party documents and "representative witness" depositions that are impermissible under Dutch law), the Court should, in fairness, require HMET and its principals to provide reciprocal discovery. *See In re Esses*, 101 F.3d 873, 876 (2nd Cir. 1996) (affirming district court order of reciprocal discovery under §1782); *In re Application of Euromepa S.A.*, 51 F.3d 1095, 1102 (2nd Cir. 1995) (directing district court to consider reciprocal discovery in order to ensure procedural equity, where respondent would otherwise be unable to access comparable discovery from European applicant).

In this case, such reciprocity would require at least three steps. First, U.S. counsel for HMET and its principals would have to agree to accept service of discovery subpoenas on their behalf. Second, HMET's principals would have to subject themselves to the jurisdiction of this Court with respect to all matters arising out of the reciprocal discovery exchange. Third, HMET's principals would have to submit to depositions <u>before</u> their counsel deposed Respondents. Because this Court could not effectively sanction a foreign national who failed to comply with one of its orders, the Court could enforce reciprocity only by ordering the HMET principals to provide written and oral discovery as a condition precedent to any reciprocal obligation on the part of Respondents, who <u>are</u> subject to this Court's jurisdiction.

Should the Court ultimately choose this path, Respondents will serve the necessary discovery forthwith and will engage, as necessary, in good faith discussions with HMET's counsel regarding the scope of such discovery. This proposal should minimize the need for the Court's intervention and maintain parity between the parties to the Dutch proceeding.

LP 1589559.1 \ 34480-74686

## CONCLUSION

HMET's failure to alert the Court to the *Intel* factors, combined with Respondents' inability to do so before the Court ruled on HMET's Application, warrants reconsideration of the Court's March 17, 2008, Order. Moreover, a proper evaluation of those discretionary factors demonstrates the impropriety of HMET's discovery requests, thus supporting ***denial*** of the Application.

In the alternative, if the Court permits HMET to serve discovery subpoenas, it should require HMET and its principals to provide reciprocal discovery before Respondents have an obligation to produce any requested materials or testimony.

In the interim, and pending the Court's ruling on the instant Motion, Respondents respectfully request that the Court stay enforcement of its March 17, 2008, Order.

Dated: March 25, 2008                    Respectfully submitted,


By: /s/ Kurt Stitcher

Scott A. Meyers
Kurt Stitcher
David W. Porteous
Amy A. Pines
LEVENFELD PEARLSTEIN, LLC
2 N. LaSalle St., Suite 1300
Chicago, Illinois 60602
Phone: (312) 346-8380
Facsimile: (312) 346-8434
kstitcher@lplegal.com

*Attorneys for Respondents Lee Hillman,*
*Mark Minter, and Power Plate North America*

LP 1589559.1 \ 34480-74686

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re Application of Holland Middle East Trading Ltd. to Obtain Discovery for Use in a Suit Pending in the Haarlem District Court of the Kingdom of the Netherlands | Case No. 08-CV-1344<br><br>Hon. Ruben Castillo<br><br>Magistrate Judge Martin C. Ashman |

### DECLARATION OF ARNOUD FIOOLE

I, Arnoud Fioole, hereby declare as follows:

1. I am a partner in the law firm of Greenberg Traurig, LLP, in Amsterdam, Kingdom of the Netherlands, where I am duly licensed to practice law.

2. In my capacity as a partner at Greenberg Traurig, I represent Power Plate International B.V. ("PPI") in proceedings on the merits before the Haarlem Court, The Netherlands, entitled *Holland Middle East Trading Ltd., et al. v. Power Plate International B.V., et al.* (the "HMET-PPI Dispute").

3. In that same capacity, I am also counsel to Mr. Mark Minter and Mr. Lee Hillman, two directors of PPI, with respect to both the HMET-PPI Dispute and related matters pending before the Dutch courts. Mr. Minter, Mr. Hillman, and PPI are all defendants in the HMET-PPI Dispute.

4. The Kingdom of the Netherlands is a sovereign nation with a well-established and independent judiciary. As independent courts of a sovereign nation, the Dutch courts adjudicating the HMET-PPI Dispute have full authority over the parties before them and can order compliance with Dutch procedural rules governing evidence-gathering.

1

5. Specifically, in the HMET-PPI Dispute, the Dutch courts have the power to order either or both of the parties to submit documents relevant to the matter. The Dutch courts also have the power, either spontaneously or upon proper request from either of the parties, to order the production of bookkeeping and accounting records from the parties. The Dutch courts do not, however, have the power to order the production of documents from non-parties to the proceedings.

6. Furthermore, the Dutch courts have the power, upon proper request from either of the parties, to compel court-supervised testimony from both the parties and from non-party witnesses. The party requesting such "pretrial" testimony must summon the witnesses from whom testimony is sought and must identify them individually. The court then conducts the questioning, and the parties' counsel may conduct follow-up examinations, under the court's supervision.

7. Dutch law does not allow a party to demand that another party or a non-party produce a "representative" witness to testify about general topics. Instead, a party seeking pretrial testimony must identify _individuals_ from whom it wants testimony.

8. Dutch law provides for "summary proceedings," in which the parties preliminarily submit their dispute to the Dutch courts in letter form, attaching whatever documents they believe to be relevant to the parties' dispute. In this case, the parties to the Dutch litigation engaged in such "summary proceedings," which led to preliminary money judgments against the defendants. The defendants, in submission to the jurisdiction of the Dutch courts, finally and fully satisfied these preliminary judgments, a fact that the President of the Court of Amsterdam confirmed in a judgment dated September 6, 2007.

9. Dutch law also provides for an evidentiary hearing by interlocutory judgment. In this process, if one party alleges certain facts, the opposing party disputes those facts, and a decision as to the true facts may be relevant to the outcome of the case, the Dutch court may then order the parties to produce evidence regarding those facts. In the HMET-PPI dispute, the parties have not yet reached the point where they could request such an evidentiary hearing.

10. At no time during the Dutch proceedings has HMET requested – either directly from Mr. Hillman, Mr. Minter, or PPI or through the Dutch courts – any documents or testimony from any of these parties, including any of the information HMET now seeks by way of §1782 subpoenas directed to Mr. Hillman, Mr. Minter, and Power Plate North America ("PPNA").

11. PPNA is the North American distributor for Power Plate exercise equipment. It is not a party to the HMET-PPI Dispute or to any related matters pending before the Dutch courts, and to the best of my knowledge, information, and belief, PPNA had no involvement with HMET's distributor relationship with PPI.

12. Although HMET seeks this Court's assistance in the discovery process, the PPI-HMET contract specifies the Haarlem Court as the court of exclusive jurisdiction for the adjudication of any disputes arising therefrom. In fact, when PPI filed an action against HMET and its principals in the courts of Dubai, United Arab Emirates (where HMET is based and where its principals resided at the time), the Haarlem Court enjoined defendants from pursuing that suit, thus underscoring its own exclusive jurisdiction over the dispute.

13. I have reviewed the subpoenas that HMET attached to its Application before this Court, including the proposed document and deposition subpoena directed to non-party PPNA. As noted above, Dutch law does not allow the discovery of documents from non-parties, and Dutch law requires that a party seeking pretrial witness testimony identify specific witnesses

3

from whom testimony is sought; it does not permit "representative witness" depositions of the type HMET sets forth in its subpoena.

14. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed: March 25, 2008.

By: _____
Arnoud Fioole

Greenberg Traurig, LLP
Strawinskylaan 3127
1077 ZX Amsterdam
The Netherlands
Telephone: +31 20 30 17 304
Email: fioolea@eu.gtlaw.com

4