UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re Application of Holland Middle East Trading Ltd. to Obtain Discovery For Use in a Suit Pending in the Haarlem District Court of the Kingdom of the Netherlands. | ) ) No. 08 C 1344 ) ) Hon. Ruben Castillo ) ) Magistrate Judge Martin C. Ashman |

MOTION TO ENFORCE SUBPOENAS AND
IN OPPOSITION TO MOTION FOR RECONSIDERATION

Holland Middle East Trading Ltd. ("HMET"), by its attorneys, requests that this Court (1) enforce the subpoenas originally served March 6 on Power Plate North America, Lee Hillman and Mark Minter (collectively, "Respondents"), and (2) deny the Respondents' motion for reconsideration of the Court's March 17 order.

In 2006, HMET commenced an action in the Haarlem District Court in the Netherlands against Power Plate International and its directors. Power Plate International granted HMET exclusive rights to distribute Power Plate fitness machines in eleven countries across the Middle East in September 2004. *See* 17 January 2007 Ruling of the Haarlem District Court at 2.4, attached as Exhibit A. Following J.H. Whitney's acquisition of Power Plate International, the new management offered HMET a Hobson's choice: replace the effective contract with a new one with terms unfavorable to HMET, or the distributorship will be terminated. *Id.* at 2.15-2.16. When HMET's refused to give up its rights, Power Plate International terminated HMET's distributorship in October 2006. *Id.* at 2.18.

During the pendency of the Netherlands litigation, the defendants (which include Mr. Hillman and Mr. Minter) have attempted to evade judgments against them and repeatedly sought delays. The defendants have also deliberately inflicted costs on

179995_1.DOC

HMET by filing a parallel suit in Dubai in obvious derogation of the distributorship agreement's choice-of-forum provision.

The Netherlands action is now proceeding on the merits. There is a premium on obtaining the discovery materials within the next month; HMET's reply to Power Plate is due in the Dutch court on May 7. *See* Second Declaration of Marielle Koppenol-Laforce, attached as Exhibit B. HMET filed an application for discovery under 28 U.S.C. § 1782 with this Court to obtain evidence located within its judicial district to aid in the prosecution of the Netherlands action. The Respondents have had notice of these discovery requests since March 6, 2008. This Court reviewed and granted the application on March 17, 2008. Respondents have moved this Court to reconsider that decision, and have stated their unwillingness to comply with HMET's subpoenas under Rule 45.

## I. Respondents Have Failed to Offer a Sufficient Basis for a Motion for Reconsideration

In *Easypower Corp. v. Alden Corp.*, Judge Denlow held that "[m]otions for reconsideration serve a narrow purpose and must be supported by a showing of extraordinary circumstances. In general, motions to reconsider are rarely granted and are 'only appropriate to correct manifest errors of law or to present newly discovered evidence.'" 522 F.Supp.2d 1060, 1063 (N.D.Ill. 2007). The Respondents have not presented anything the Court did not consider in reaching its original ruling. Contrary to Respondents' assertion, HMET brought the *Intel* case to the Court's attention in fourth sentence of its Application. *See* Application of HMET at 1. Respondents offer no arguments or evidence that even approach the level of "a showing of extraordinary circumstances."

2

II. **This Court Properly Granted HMET's Application In Light of the *Intel* Decision**

In *Intel Corp. v, Advanced Micro Devices, Inc.*, the United States Supreme Court provided guidance on judicial assistance requested pursuant to 28 U.S.C. § 1782. 542 U.S. 241 (2004). Beyond its holdings authorizing broad discovery, the Court noted "factors that bear consideration" in determining the appropriateness of discovery applications: (1) whether the documents or testimony sought are within the jurisdictional reach of the foreign court; (2) the nature of the non-U.S. tribunal and proceeding, and the receptivity of the foreign court to U.S. federal court assistance; (3) whether request conceals an attempt to circumvent foreign proof-gathering restriction; and (4) whether the request contains unduly intrusive or burdensome demands. *Id.* at 244-45.

   A. **Are the Documents or Testimony Sought Within the Jurisdictional reach of the Foreign Court?**

The defendants in the Netherlands case (including U.S. defendants Hillman and Minter) have resisted that court's jurisdiction and authority. Their recalcitrance in the Netherlands has led HMET to seek to gather evidence through its § 1782 application for records and from witnesses located in the United States. *See* Koppenol-Laforce Dec., at ¶ 2-4. The documents and testimony of Messrs. Hillman and Minter are within the jurisdiction of the Netherlands court, but they reside and do business here. Power Plate North America's evidence is not within the jurisdiction of the Netherlands court.

Respondents state that the defendants have "finally and fully satisfied these preliminary judgments" entered by the Netherlands court. Motion for Reconsideration at 4. The Respondents neglect to acknowledge that the defendants first transferred assets out of the company that was subject to the court's attachments,

3

physically concealed equipment from the bailiff taking inventory for the enforcement of the attachments, and forced HMET to file literally scores of separate attachments in an attempt to collect the judgment. *See* Koppenol-Laforce Dec., at ¶ 3. Only after HMET obtained a ruling attaching a director's personal home and assets did the Dutch defendants pay the preliminary judgment. *See* 6 July 2007 Ruling of the Haarlem District Court, attached as Exhibit C.

HMET's efforts to proceed with its case in the Dutch court have been met with the defendants' sharp tactics as well as repeated delays. *See* Koppenol-Laforce Dec., at ¶ 3-4. HMET seeks discovery within this Court's district so as to obtain evidence it needs in the jurisdiction where that evidence is located, minimizing further excuses and delays.

  **B.** **What Is the Nature of the Non-U.S. Tribunal and Proceeding, and the Receptivity of the Foreign Court to U.S. Federal Court Assistance?**

Respondents' stated concern over parity is a dodge, a pretext for the latest attempt by Power Plate and its directors to stall and impede HMET. HMET has invited Respondents in telephone calls and letters to describe what reciprocal discovery they want, and has received only the Motion for Reconsideration and their request for a stay. This is not surprising because each of HMET's successive statements of claim in the Netherlands has been supported by extensive documentation. Most recently, on March 19, 2008, HMET filed 72 exhibits with the Dutch court detailing its proof (as is the procedure in the Netherlands). This 50-page filing forms the basis upon which the Dutch court will decide the merits of the case. Koppenol-Laforce Dec., at ¶ 5.

Respondents cite no evidence that the Netherlands rejects United States judicial assistance in general, nor that assistance from a United States district court would

4

impact the Dutch court's control over its proceedings. In fact, as the *Intel* Court noted, "[a] foreign nation may limit discovery within its domain for reasons particular to its own legal practices, culture or traditions – reasons that do not necessarily signal objections to aid from the United States federal courts." 542 U.S. at 261. Additionally, "[a] foreign tribunal's reluctance to order production of materials present in the United States similarly may signal no resistance to the receipt of evidence gathered pursuant to § 1782(a)." *Id.* at 262. The Netherlands court may also exercise control over the case by excluding any evidence it does not wish to consider for fairness or other reasons. *Id.*; *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1101 (2d Cir. 1995). The foreign court could additionally require submission of all evidence obtained, regardless of whether it supported or harmed the applicant's case. *Id.* at 1102.

### C.    Does the Request Conceal an Attempt to Circumvent Foreign Proof Gathering Restrictions?

The Respondents have not alleged that HMET is seeking discovery of materials forbidden by the policies of the Netherlands. In order to receive a document under Dutch court rules, a party must request it with particularity, such as by describing it specifically and noting its date. HMET cannot know the dates or contents of documents to which it has never had access, and thus made its application in the United States to gain that information. However, Dutch rules do not in any way prohibit discovery of the types of materials HMET has requested here, such as correspondence between businesses or meeting minutes, or sales records bearing on damages.

Furthermore, the statute "contains no threshold requirement that evidence sought from a federal district court would be discoverable under the law governing the foreign proceeding." *Intel*, 542 U.S. at 247. Even if the materials were not discoverable

5

in the Netherlands, HMET's application would not be precluded. The fact that HMET has not obtained defendants' documents through the Netherlands court is not a reason to restrict its ability to examine those materials where they are located. Courts have rejected a "quasi-exhaustion requirement" before seeking the assistance of an American court. *See In re Bayer*, 146 F.3d 188, 196 (3d Cir. 1998); *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1098 (2d Cir. 1995).

### D.    Is the Request Unduly Intrusive or Does It Contain Burdensome Demands?

Each request is tailored toward an element of HMET's claims in the Netherlands action. For example, HMET has requested correspondence, reports, board minutes and other documents that mention HMET or the individual plaintiffs in the Netherlands action. Such documents may further reveal the underlying reasons for which Power Plate International and its directors terminated HMET's distributorship. HMET also requested documents pertaining to stock and intellectual property transfers between Power Plate entities and other entities owned by Power Plate directors; these documents may shed light on how defendants in the Netherlands action shifted assets into different entities to avoid collection on the judgment. Documents showing subsequent sales and subdistributors in the distribution region will provide evidence pertinent to HMET's successful distributorship and its damage claims.

HMET's discovery requests ask only for information central to the Netherlands action, and impose no unnecessary burdens on Respondents. On the contrary, requesting these materials locally, in Respondents' home jurisdiction, is in part an effort to obtain a higher degree of compliance from Respondents by making it more convenient and efficient for them to produce their evidence.

6

The Respondents make inconsistent arguments in drawing a distinction between Power Plate North America and Messrs. Hillman and Minter. They object to discovery from Messrs. Hillman and Minter because they are parties to the Netherlands action, and object to discovery from Power Plate North America because it is not a party. Far from being a "back door" to discovery of European entities, HMET's application requests materials located within this judicial district. Furthermore, Mssrs. Minter and Hillman are principals in Power Plate North America, which leads HMET to believe that Power Plate North America will have records relevant to the Dutch proceeding. Of course, if Power Plate North America has no such materials, it does not need to produce them.

The Respondents' objections to the discovery requests can be dealt with by routine discovery mechanisms (and discussion between counsel); the argument that these objections should block HMET's application is wrong. For instance, Respondents object to producing privileged information. Motion to Reconsider at 10. However, Subpoena Instruction #8 asks the Respondents to create a privilege log, a common solution to discovery requests that encompass such materials. Similarly, Respondents' concerns over the confidentiality of the information can be allayed by the entry of a routine protective order.

Power Plate North America asserts that the documents requested are in the possession of a different Power Plate entity. If, after an appropriate search, Power Plate North America concludes that it possess no responsive documents, then its duty to produce documents ends. This contention contradicts another of the Respondents' objections: the costs of complying with the subpoena are too great. But if Power Plate

7

North America has no responsive documents, then search and production costs will be minimal.

## **CONCLUSION**

The Respondents have failed to present this Court with the "extraordinary circumstances" necessary for the Court to grant a motion for reconsideration. This Court properly applied the reasoning in the *Intel* decision to the facts in this case, and granted HMET's application. The Respondents' foot-dragging should end immediately, and they should be ordered to comply with HMET's subpoenas. HMET deserves to be able to obtain a timely and fair adjudication of its claims before the Netherlands court, free from the defendants' categorical resistance. Allowing HMET to gather evidence in this district is permitted by statute and is an appropriate exercise of this Court's authority.

WHEREFORE, the Applicant prays for an order of this Court enforcing compliance by Respondents with HMET's subpoenas, and denying the Respondents' Motion for Reconsideration.

Dated: March 31, 2008                      Respectfully submitted,

By: s/Lindsay Wilson Gowin

Peter V. Baugher
Lindsay Wilson Gowin
SCHOPF & WEISS LLP
One South Wacker Drive, 28th Floor
Chicago, IL 60606
Telephone: 312.701.9300
Facsimile: 312.701.9335
Email: lgowin@sw.com

**CERTIFICATE OF SERVICE**

I, Lindsay Wilson Gowin, an attorney, hereby certify and state that the foregoing **Motion to Enforce Subpoenas and in Opposition To Motion for Reconsideration** was filed electronically with the Clerk of the Court using the CM/ECF system on the 31st day of March, 2008, which will automatically send e-mail notifications of such filing to all attorneys of record.

       s/Lindsay Wilson Gowin