# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re Application of Holland Middle East Trading Ltd. to Obtain Discovery For Use in a Suit Pending in the Haarlem District Court of the Kingdom of the Netherlands. | ) ) ) ) ) ) ) No. 08 C 1344<br>Hon. Ruben Castillo<br>Magistrate Judge Martin C. Ashman |

### SECOND DECLARATION OF MARIELLE KOPPENOL-LAFORCE

I, Marielle Koppenol-Laforce, hereby declare as follows:

1. I am an attorney licensed to practice law in the Netherlands, and have been practicing commercial law for over seven years. I am a partner in the Dutch law firm of Houthoff Buruma N.V. in Rotterdam. I represent HMET in an action pending before the Haarlem District Court in the Netherlands titled *Holland Middle East Trading Ltd. et al. v. Power Plate International B.V., et al.* (case number 136287/HAZA 07-778).

2. The Power Plate company did not pay the € 900,000 judgment of January 17, 2007, rendered against them in summary proceedings, and took a variety of actions to evade collection. The district court judge ordered that, because "Minter, Fisher, Hulman [Hillman] and Van der Meer…have actively and intentionally caused virtually every attempt of HMET to collect its claim on PPI BV to fail and in doing so have willfully frustrated the execution of the judgment of 17 January 2007," those directors shall be jointly and severally liable to Holland Middle East Trading for € 1,100,000 including costs. Judgment in Summary Proceeding of the Haarlem District Court, July 6, 2007, at 8, attached as Exhibit C.

3. Power Plate and its directors took the following actions to evade this judgment:

- Power Plate paid the first half of the judgment amount, but when the remaining balance from Power Plate entered HMET's lawyers' account, Director Van der Meer disputed the payment and Power Plate attempted to garnish Houthoff Buruma's account.

- When a bailiff visited Power Plate's place of business and attempted to seize a shipment of Power Plate machines to satisfy HMET's judgment, Power Plate Director Van der Meer's wife told him that the machines had already been sold and were not available for attachment. *Id.* at 3.7.

- Power Plate admitted in its March 12, 2008 filing with Dutch court that it encouraged the Dutch tax authorities to file liens against Power Plate's assets ("by tipping the tax authorities, PPI has, by waiting for the appeal, meant to buy time."). Under Dutch law, tax liens supersede those of all other creditors, including HMET's. Power Plate encouraged the placement of the tax liens because of the high likelihood of receiving a refund from the tax authorities after its case with HMET is concluded. *Id.* at 7.2.

- Power Plate's evasions have forced HMET to file scores of attachments in an attempt to collect the judgment. *Id.*

4. Power Plate and its directors took the following actions to delay the progress of the Dutch proceedings:

- Power Plate filed a collateral proceeding at The Hague, and attempted to obtain a judgment before that tribunal without providing notice to HMET. Despite having the service addresses of HMET's principals available from attachment proceedings, Power Plate provided notice to HMET solely through an advertisement in a newspaper. *Id.* at 3.10.

- Power Plate petitioned the Dutch court for a security of costs of proceedings from HMET. Such security amounts are calculated by a well-established formula which entitled Power Plate to bank guarantees totaling € 35,000. Power Plate asked for guaranteed totaling € 180,000, frivolously spurring nearly one year's worth of litigation over this matter. The Dutch court ultimately ordered guarantees amounting to € 35,000.

- Director Van der Meer attempted to attach the personal bank accounts of HMET's principals, despite the fact that none of the defendants have made any claims against HMET at that time.

5. HMET has provided extensive evidence to both Power Plate and the Dutch court. Indeed, it has most recently on March 19, 2008 submitted its statement of claim and proof to the Dutch court (not including any evidence yet to be discovered under this Court's order). This 50-page submission of proof, containing 72 exhibits, is the argumentative basis upon which the Dutch court will decide the merits of the case.

6. HMET must submit any evidence it obtains through U.S. judicial assistance to the Dutch court by May 7, 2008, as part of its reply to Power Plate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 31, 2008

_____
Marielle Koppenol-Laforce

Houthoff Buruma B.V.
3000 BM Rotterdam
Weena 355
Rotterdam, The Netherlands
+31 (0)10 2172525
m.koppenol@houthoff.com