# EXHIBIT C

135731/KG ZA 07-275
6 July 2007

# IN THE NAME OF THE QUEEN

## judgment

**HAARLEM DISTRICT COURT**

Civil-law section

Case/cause list no.: 135731 / KG ZA 07-275

**Judgment in summary proceedings of 6 July 2007**

in the case of
1.     **HOLLAND MIDDLE EAST TRADING LTD**,
a legal entity under the laws of the British Virgin Islands,
established in Jebel Ali Free Zone, Dubai, United Arab Emirates,
2     **FRANCISCUS ANTONIUS MARIA GIEZEN**,
residing in Dubai, United Arab Emirates,
3.     **PETRONELLA JOHANNA ELIZABETH VAN ASPERT**,
residing in Dubai, United Arab Emirates,
4.     **POWER PLATE TRADING LLC**,
a legal entity under the laws of the British Virgin Islands,
established in Dubai, United Arab Emirates,
claimants in the main action,
defendants in the counterclaim,
also defendants in the motion,
local counsel: M. Middeldorp
counsels: M.E. Koppenol-Laforce and J. Meuleman in Amsterdam,

versus

1     **POWER PLATE INTERNATIONAL B.V.**,
a private company with limited liability
having its place of business in Badhoevedorp, municipality of Haarlemmermeer,
2.     **MARK CLIVE MINTER**,
residing in Chicago, Illinois, USA,
3.     **ALLAN BRIAN HENRY FISHER**,
residing in London, United Kingdom,
4.     **LEE SCOTT HILLMAN**,
residing in Glencoe, Illinois, USA,
defendants in the main action,
claimants in the counterclaim,
claimants in the motion,
local counsel: L. Koning,
counsels: A.J. Fioole and P. Roorda in Amsterdam,
5     **AUGUSTINUS LEONARDUS NICOLAAS VAN DER MEER**,
residing in Hoofddorp, municipality of Haarlemmermeer,
6.     **VIBE TRIBE B.V.**,

135731/KG ZA 07-275
6 July 2007

a private company with limited liability
established in Amstelveen,
7.      **SUPERVISIE SPORTS B.V.**,
a private company with limited liability
established in Amstelveen,
defendants in the main action,
claimants in the motion,
local counsel: J.P. Koets.

Claimants in the main action, defendants in the counterclaim, will hereinafter separately be referred to as HMET Ltd, Giezen, Van Aspert, and PPT, and jointly, in the singular, as HMET.

Defendants in the main action and claimants in the counterclaim 1-4 will hereinafter separately be referred to as PPI BV, Minter, Fischer, and Hillman and jointly, in the singular, as PPI.

Defendants in the main action 5-7 will hereinafter separately be referred to as A. van der Meer, Vibe Tribe, and Supervisie Sports and jointly, in the singular, as Van der Meer.

**1.      The motion**

1.1.    PPI and Van der Meet have claimed in a motion that the *voorzieningenrechter* (Judge hearing applications for preliminary relief) order HMET, which, according to the summons, is established in Dubai, United Arab Emirates, to provide security for the costs of the proceedings they might be ordered to pay in these summary proceedings. They estimate these costs at EUR 10,524 each, of which EUR 9,475 in local counsel's fees. They requested the *voorzieningenrechter* to take a decision on the motion before hearing the case in the main action.

1.2.    Thereupon, the *voorzieningenrechter* decided that in previous summary proceedings between the parties the costs that were awarded were the costs usually awarded in summary proceedings, or EUR 816. The *voorzieningenrechter* deems that there is no ground to depart from this in the present case. When so asked the lawyers of HMET declared during the hearing that they would stand surety for the costs of the proceedings for a maximum amount of EUR 20,000. This is considered sufficient security in the present case. There is no ground to award costs in the motion.

**2.      The further course of the proceedings**

2 1.    The further course of the proceedings appears from:
-   The summons
-   The hearing
-   HMET's pleading notes
-   PPI's pleading notes
-   Van der Meer's pleading notes
-   PPI's counterclaim.

2.2.    Finally judgment was set.

135731/KG ZA 07-275
6 July 2007

### 3.    The facts

3 1    Giezen and Van Aspert are the natural persons behind HMET Ltd and PPT. Minter, Fisher, Hillman and A. van der Meer are the (indirect) directors of PPI BV. A. van der Meer is director van Supervisie Sports, which company in turn is director of Vibe Tribe, one of the directors of PPI BV.

3 2.    On 20 September 2004 and 1 June 2005 PPI BV and HMET Ltd. concluded two distributor agreements, by virtue of which HMET Ltd. was granted the exclusive right to sell, within a contractually agreed territory, a piece of fitness equipment called the Power Plate, the intellectual property rights of which were held by PPI BV. On 19 October 2006 PPI BV terminated these agreements.

3 3.    PPI BV brought a lawsuit against HMET Ltd., Power Plate Middle East, Giezen, Van Aspert and PPT before the Dubai Courts of First Instance (United Arab Emirates), in which it claims compensation to the sum of EUR 28,000,000. On 21 December 2006 the *voorzieningenrechter* in this court ordered PPI BV, on pains of forfeiting a penalty, to withdraw this claim. In a subsequent execution dispute the *voorzieningenrechter* prohibited PPI BV, Minter, Fisher, Hillman and A. van der Meer, on pains of forfeiting a penalty (stated briefly) from executing any acts that might result in the passports of Giezen and Van Aspert being confiscated, and from reactivating the afore-mentioned lawsuit in Dubai until a decision was taken, in a final judgment to be passed in proceedings on the merits to be brought before the Haarlem District Court, on PPI BV's liability towards HMET Ltd.

3.4.    In a provisionally enforceable judgment in summary proceedings, passed on 17 January 2007, the *voorzieningenrechter* of this court decided that the termination of the distributor agreements mentioned in 3.2 was wrongful and ordered PPI BV to pay HMET an advance on the compensation, of EUR 500,000, to be paid on 1 February 2007 at the latest, and of EUR 400,000 to be paid in twenty monthly instalments of EUR 20,000 each. PPI BV was also ordered to pay the costs of the proceedings, to an amount of EUR 5,802.32. PPI BV has appealed against this judgment.

3 5.    On 30 October 2006 HMET had pre-judgment garnishment levied against PPI BV on Rabobank in Amsterdam. On 25 January 2007 HMET had the bailiff's copy of the judgment of 17 January 2007 served on Rabobank. On 26 and 29 January 2007 the Tax Authorities also had attachment levied against PPI BV on Rabobank. Due to the privilege of the Tax Authorities, the entire balance of PPI BV with Rabobank went to the Tax Authorities.

3 6.    On 22 February 2007 HMET had executory garnishment levied on Rabobank Amstel en Vecht. On 26 February the Tax Authorities also had attachment levied. Again, the entire balance went to the Tax Authorities.

3.7.    On 16 February 2007 bailiff M. Verheij levied executory attachment on 12 new Power Plates at the offices of PPI BV. The Power Plates were withdrawn from the attachment by PPI BV.

135731/KG ZA 07-275
6 July 2007

---

On 20 April 2007, on the urging of HMET, PPI BV made 12 other Power Plates available for sale under execution.

3.8. To date, HMET has managed to collect some EUR 40,000 of its claim against PPI BV, as mentioned to in 3.4.

3.9. On 14 March 2007 HMET brought proceedings on the merits against PPI, Van der Meer, Power Plate International Ltd – a company under the laws of the United Kingdom ("PPI UK"), PPI Acquisition BV and Special Sports Beheer BV. HMET claims in these proceedings (inter alia) EUR 22,283,300 in compensation due to wrongful termination of the distributor agreements.

3.10. By public notification published in newspaper Het Parool on 26 May 2007, PPI Acquisition BV and PPI UK summoned Giezen and Van Aspert to appear before the The Hague District Court on 5 September 2007. The lawyers of Giezen and Van Aspert came across this notification by accident, when they read the notification for that session in the Parool.

4. **The dispute in the main action**

4.1. HMET claims that the *voorzieningenrechter*:
principally: orders PPI BV, Minter, Fisher, Hillman, A. van der Meer, Vibe Tribe and Supervisie Sports, jointly and severally, to pay an advance on compensation of EUR 6,000,000,

alternatively: orders PPI BV, Minter, Fischer, Hillman, A. van der Meer, Vibe Tribe and Supervisie Sports, jointly and severally, to pay an advance on compensation to be decided by the *voorzieningenrechter*,

as second alternative: orders PPI, Minter, Fischer, Hillman, A. van der Meer, Vibe Tribe and Supervisie Sports, jointly and severally, to pay the advance already awarded against PPI BV, to the sum of EUR 585,802.32 as a lump sum and EUR 320,000 in 16 monthly instalments of EUR 20,000 each, as from July 2007,

in each instance to be increased with the statutory commercial interest, or with the statutory interest, as from the day of the summons, or as from the day on which the judgment to be passed is served, until the day on which payment is made in full.

4.2. PPI and Van der Meer put forward a defence. Insofar as they are relevant, the arguments of the parties shall be discussed below.

5. **The dispute in the counterclaim**

5.1. PPI claims that the execution of the judgment in summary proceedings, passed by the *voorzieningenrechter* in this court on 17 January 2007 be suspended and that the executory attachments levied by HMET against PPI be lifted,

135731/KG ZA 07-275
6 July 2007

---

5.2. HMET put forward a defence. Insofar as they are relevant, the arguments of the parties shall be discussed below.

### 6. Assessment of the counterclaim

6.1. There is cause to first discuss the counterclaim. PPI demands in counterclaim that the execution of the judgment of 17 January 2007 be suspended and that the executory attachments levied by HMET be lifted.

6.2. The *voorzieningenrechter* puts foremost that the execution of a judgment that is declared provisionally enforceable may only be interfered with if the right to execute is abused. This means that the counterclaim does not concern the question whether the judgment of 17 January 2007 was rendered on correct grounds, but whether HMET, also in view of the interests of PPI, has no interest that must reasonably be respected in asserting its right to execute that judgment in anticipation of the outcome of the proceedings in appeal. This may for instance be the case in the event of a manifest legal or factual error, or if, on the grounds of facts that have come to light or that have occurred after judgment was passed, the execution would manifestly create a contingency for the debtor (Supreme Court, 22 April 1933, NJ 1984, 145).

6.3. Referring to its notice of appeal, PPI argued that there is a good chance that the judgment of 17 January 2007 will be reversed in appeal. It holds that Giezen and Van Aspert wrongfully appointed subdistributors, that they made unauthorised modifications to the power plates and that the territory allocated to HMET Ltd was enlarged without authorisation and furthermore that the loss that was allegedly suffered is much lower than HMET has asserted and that there is a considerable risk of no restitution. However, the *voorzieningenrechter* has already extensively discussed these arguments in his judgment of 17 January 2007. PPI has failed to make a plausible case that in this judgment manifest legal or factual errors have been made, nor has it brought forward any new facts that have come to light or that have occurred after judgment was passed, on which ground it has to be assumed that as a result of executing the judgment a contingency will arise on the part of PPI. All that PPI has done is give a different view vis-à-vis the decision of the *voorzieningenrechter* in his judgment of 17 January 2007, but this provides no ground to suspend the execution of the judgment. In the event of an execution dispute the *voorzieningenrechter* is not allowed to assess the chance that the appeal will succeed, and the mere possibility that the Court of Appeal will arrive at a different assessment regarding the points of difference that formed the object of the previous summary proceedings does not signify that HMET abuses its right to execute the judgment. What is also considered in this respect is that providing security against the lifting of the attachments is not a point of contention here, since the attachments are executory, rather than conservatory (pre-judgment), attachments.

6.4. The above signifies that the counterclaim cannot be awarded. As party against whom the matter is decided, PPI will be ordered to pay the costs of the counterclaim, with the understanding that HMET is not considered to have incurred any additional costs in respect of the counterclaim.

135731/KG ZA 07-275
6 July 2007

---

### 7. Assessment of the main action

7.1. In the main action HMET claims an advance of EUR 6,000,000 on the compensation from PPI BV and its directors in connection with the wrongful termination of the distributor agreements. In an explanation HMET stated that so far the execution of the judgment of 17 January 2007 had yielded no or hardly any result, due to the actions of the directors of PPI BV. For this reason there is ground, HMET argues, to hold the directors liable for the loss HMET has suffered. This loss includes the extremely high costs of executing the judgments rendered in the Netherlands abroad.

7.2. It has already been decided in the counterclaim that there are no grounds to suspend the execution of the judgment of 17 January 2007. In that judgment PPI BV was ordered by way of advance, to pay HMET the sum of EUR 900,000 as well as the costs of the proceedings, to the sum of EUR 5,802.32. It has been determined that PPI BV has failed to effect any voluntary payment in satisfaction of that award. HMET has asserted, and it has not been contested, that it had levied some 30 attachments in order to collect the advance it was awarded. These attachments had no effect, save for two garnishments on Rabobank. In both these latter instances, the Tax Authorities levied attachment on the bank balances of PPI BV shortly after they were garnished by HMET, whereupon the garnished amounts had to be surrendered in their entirety to the tax authorities. PPI has not contested that it informed the Tax Authorities of the garnishment by HMET. Nor has it contested that PPI BV has withdrawn twelve power plates that were under executory attachment from that attachment. All efforts of HMET to execute the judgment have yielded only some EUR 40,000, a fraction of the costs that were involved in that execution.

7.3 This is set off by the fact that, as HMET has asserted and which has not been contested, that on 16 March 2007 PPI BV did pay a business relation a sum of EUR 1,200,000 as part of a settlement and that it pays more than EUR 10,000 every month in rent for its business premises in Badhoevedorp.

7.4 Furthermore PPI has not contested that in 2005 PPI BV still had EUR 727,444 in tangible assets on its balance sheet, but that it no longer has any registered property registered in its name. Nor has it been contested that PPI BV has transferred its intellectual property rights to two of its affiliates.

7.5. Against the background of what is stated above, the conclusion is justified, for now, that not only do PPI BV and its directors refuse to satisfy their payment obligations, but also that Minter, Fisher, Hulman and Van der Meer, as the (indirect) directors and de facto policymakers within the company, have actively and intentionally caused (virtual) every attempt of HMET to collect its claim on PPI BV to fail and in doing so have wilfully frustrated the execution of the judgment of 17 January 2007, whereas HMET was faced with extremely high execution costs. The blame that must be attached to the directors personally in this matter is so serious that their acts must be qualified as wrongful acts. This means that they are personally liable for the loss that has been caused as a result. Another reason for this assessment is the manner in which PPI BV and its directors have acted in the various proceedings against HMET so far.

135731/KG ZA 07-275
6 July 2007

---

The lawsuit in Dubai mentioned under Facts (legal ground 3.3) and the public summons without sending a copy thereof to the lawyers of the counterparty (legal ground 3.10) justify the conclusion that the financial interests in this case are apparently so large that no means will be left untried and that even the most basic standards of decency may be violated. For this reason there is every cause to order the (indirect) directors of PPI BV to pay HMET an advance on the compensation up to the amount determined by the *voorzieningenrechter* in his judgment of 17 January 2007, of EUR 900,000, of whom it was concluded above that they wilfully frustrated the execution. This sum has to be increased with an amount for the costs of legal representation and other legal costs that were incurred (in vain) in respect of the execution, which costs are also to be considered as loss suffered as a result of the afore-mentioned wrongful acts of the directors of PPI BV. For the time being these costs are estimated at EUR 200,000. The claimed statutory commercial interest may also be awarded, since no defence has been put forward against it.

7.6.    HMET believes that there are grounds for awarding a higher advance. However, the *voorzieningenrechter* believes that by awarding the above-mentioned sums a sufficient preliminary provision is made. Assessing the final amount of the compensation is reserved to the court passing judgment in the proceedings on the merits, which shall also decide the question whether and to what extent the directors of PPI BV may be held liable in their private capacities for any other loss suffered by HMET as well. It should be noted that the directors' liability determined for the time being in this judgment does not imply a (provisional) assessment regarding the question whether the directors of PPI BV may be held liable in their private capacities, other than because they frustrated the execution of a judgment that was declared provisionally enforceable.

7.7.    As parties against whom the matter is largely decided PPI and Van der Meer will be ordered to pay the costs of these proceedings.

8.    **The decision**

The *voorzieningenrechter*

**in the main action**

8.1.    orders Minter, Fisher, Hillman, A. van der Meer, Vibe Tribe and Supervisie Sports, jointly and severally, to pay HMET the sum of EUR 1,100,000 (one million one hundred thousand Euros) plus the statutory commercial interest as from the day of the summons until the day on which payment is made in full,

8.2.    orders PPI to pay the costs of the proceedings, estimated until the pronouncement of this judgment on the part of HMET at EUR 4,913.10 in disbursements and EUR 816 in local counsel's fees,

8.3    declares that this judgment is provisionally enforceable,

8.4.    rejects what was otherwise claimed,

135731/KG ZA 07-275
6 July 2007

**in counterclaim**

8.5.   refuses the demanded provisions,

8.6.   orders PPI to pay the costs of the proceedings, estimated until the pronouncement of this judgment on the part of HMET at nil,

This judgment was passed by judge Th. S. Röell and pronounced in open session on 6 July 2007.

*[signed]*

*[stamp]*        FOR BAILIFF"S COPY
             Issued to local counsel *M. Middeldorp*
             The registrar of the court *[signed]*

Conc.: 134