IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re Application of Holland Middle East Trading Ltd. | ) ) | No. 08 CV 1344 |
| to Obtain Discovery For Use in a Suit Pending in the | ) ) ) | Hon. Ruben Castillo |
| Haarlem District Court of the Kingdom of the Netherlands. | ) ) ) | Magistrate Judge Martin C. Ashman |

**HOLLAND MIDDLE EAST TRADING LTD.'S OBJECTIONS TO DISCOVERY
REQUESTS AND REQUEST FOR THE COURT'S ASSISTANCE**

Applicant Holland Middle East Trading Ltd. ("HMET"), by its attorneys, submits the following objections to Respondents' discovery requests, and seeks this Court's assistance to induce the Respondents to comply with the Court's order of April 3, 2008 (Docket #23), requiring them to provide documents and testimony intended to be used as evidence in litigation now pending the Netherlands.

I. **THE RESPONDENTS' DISCOVERY REQUESTS ARE NOT "RECIPROCAL," AND APPEAR TO BE DESIGNED TO DETER HMET FROM SEEKING EVIDENCE IN THIS DISTRICT.**

This Court granted Respondents' request for then-unspecified "reciprocal discovery" on April 3, 2008. But Respondents' discovery requests are not reciprocal. HMET is seeking to support particularly its claims for damages and against the directors. It asked for two types of documents: (a) sales information to prove damages, and (b) communications that implicate the directors in the wrongful termination of HMET's distributorship. Respondents, on the other hand, have requested documents on a broad range of topics touching on all parts of the Dutch litigation and beyond. No temporal or geographical limitations are set. The scope of these requests seems to be an attempt to impede HMET's efforts to gather evidence for trial and inflict costs on HMET. HMET's objections are set out with specificity in Holland Middle East

180675_1.DOC

Trading Ltd.'s Objections and Responses to Respondents' Subpoenas and First Request for Production of Documents, attached as **Exhibit A**.

Respondents have also demanded depositions from HMET's Dutch principals. Instead, Franciscus Giezen and Petronella van Aspert will agree to appear in a Dutch witness hearing, in which the judge as well as opposing counsel will be able to question them about their claims and evidence. Both witnesses suffer from stress-induced illnesses brought on by the termination of their distributorship and the ensuing end of their business and engagement in this litigation; Mr. Giezen has been so ill as to require hospitalization. The unsupervised and intensive questioning of a U.S.-style deposition is unnecessary and could be detrimental to Mr. Giezen and Ms. van Aspert's health. The Respondents are aware of these health issues, and appear to be insisting on depositions to penalize Mr. Giezen and Ms. van Aspert for pursuing their claims in the U.S.

Mssrs. Minter and Hillman, on the other hand, cannot be compelled to attend a witness hearing in the Netherlands, and any voluntary testimony there would be interrupted and cumbersome because of the need for translation. HMET requested depositions from each of the Respondents to ensure that their document production is complete; given their paltry production to date, these depositions would seem an important precaution.

Respondents' assertion of "reciprocity" also ignores the fact that HMET has produced a substantial number of documents to the Dutch defendants in the court of the litigation, with references to their relevance to the parties' claims and defenses. A list of documents already produced in the Dutch case and the requests to which they correspond is attached as **Exhibit 1 to Exhibit A**. HMET will produce shortly the documents listed on **Exhibit 2 to Exhibit A**. Additionally, HMET's damages expert will submit his report by June

18, 2008, which will include a complete accounting of the business for its entire 2-½ years of operation, as well as approximately 4,000 pages of supporting documentation. In addition to these documents, HMET has elaborately laid out its claims and supporting facts in a 50-page statement of claim, as is the practice in Dutch proceedings where annotated pleadings provide the principal structure and mechanism for "discovering" facts and contentions in a lawsuit.

Respondents' document requests, moreover, suggest an attempt to discourage HMET from pursuing evidence located in this forum by making burdensome and irrelevant demands that inflict unnecessary costs on HMET. Such an attempt is consistent with Mssrs. Hillman and Minter's conduct before the Dutch court, where they were made personally liable for the preliminary judgment after taking actions to evade it. Judgment in Summary Proceeding of the Haarlem District Court, July 6, 2007, at 8 (noting that the directors' "financial interests in this case are apparently so large that no means will be left untried and that even the most basic standards of decency may be violated," *id.* at § 7.5).

Discovery requests "must be tailored to some extent to avoid harassment or being oppressive. When the purpose of the discovery is to obtain information for reasons other than the prosecution or defense of the lawsuit, unless vital information is at stake, discovery will be denied in its entirety." *Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc.*, 262 F.Supp.2d 923, 926-27 (N.D. Ill. 2003). Respondents go far beyond any "reciprocity," by asking for broad categories of documents, including some that bear no relationship to claims or defenses in the Dutch action, as those claims/defenses are carefully delineated in the parties' pleadings.

For example, Request No. 2 demands "all documents relating to Giezen and van Aspert's identification, business, employment and/or travel documents." Such information is completely irrelevant to the Dutch action, and could subject Mr. Giezen and Ms. van Aspert to

3

the improper use of their personal information. Indeed, the Dutch court was sufficiently concerned about Power Plate's behavior that it expressly prohibited Power Plate from taking any actions that would result in restricting Mr. Giezen or Ms. van Aspert's freedom of movement or in having their passports confiscated. Order of Haarlem District Court of 9 March 2007, at 5.7 (attached as **Exhibit B**).

Similarly, Requests No. 10 and 12 ask for every conceivable document generated in the running of a modern business as well as all HMET's insurance policies, despite the fact that the Dutch defendants have made no claims for damages against HMET. Again it seems that Respondents are trying to increase the time and money that HMET must commit to the process of obtaining documents to which it is entitled.

## II.     THE RESPONDENTS HAVE DIREGARDED THIS COURT'S ORDER FOR FULL COMPLIANCE BY APRIL 11.

The Respondents received HMET's requests for documents and testimony on March 6, 2008, and this Court approved them on March 17 (Docket #9). Respondents thus have had notice of the types of documents they should be gathering for nearly two months. Following the Court's order of full compliance by April 11, Respondents waited to email their first draft of a protective order until Thursday, April 10 at 11:06 p.m., demonstrating that Respondents had no intention of making a full, or even substantial, production by the Court's deadline.

Significantly, Respondents have not produced <u>any</u> statements showing Power Plate's sales in the countries formerly served by HMET, or <u>any</u> communications among directors (like Hillman and Minter) about Power Plate's termination of HMET in 2006. Records on these subjects directly related to HMET's claims in the Netherlands. Rather, on April 11, Respondents produced only three directors' and officers' liability insurance policies. Since then, Respondents

4

produced acquisition agreements surrounding J.H. Whitney's purchase of Power Plate.[1] Respondents' nearly non-existent submissions seem to indicate a strategy of producing only the most innocuous documents, least likely to be useful as evidence at trial.

Furthermore, Respondents have refused to give HMET deposition dates until HMET first permits the depositions of Franciscus Giezen and Petronella van Aspert. Parties are not permitted to condition their discovery upon receiving discovery from an opponent. *Fresenius Medical Care Holding Inc. v. Baxter Intern., Inc.*, 224 F.R.D. 644, 653 (N.D. Cal. 2004). HMET filed this action for evidence located in the Northern District of Illinois because of Dutch defendants' reluctance to comply with court orders or produce documents in the Netherlands. Requiring HMET to produce documents and submit to depositions before Respondents do so would both reward Respondents for treating cavalierly this Court's order and imperil HMET's reason for seeking evidence in the United States.

## CONCLUSION

Respondents' heavy-handed tactics should not be allowed to migrate to the United States, especially not under the cover of "reciprocity". Their approach is manifested in delay and in overbroad and abusive discovery requests. In order to protect Ms. Van Aspert's and Mr. Giezen's health and finances, Respondents' discovery requests should be limited to claims and defenses in the Dutch litigation. Furthermore, Respondents have made only a token effort to comply with this Court's order, and should be required to comply immediately.

---

[1] Respondents indicated that they were <u>mailing</u> roughly 100 pages of documents on Friday, April 18. (Respondents' counsel's office is less than three blocks from HMET's counsel's.) Respondents refused to provide the documents by messenger or by email or on a compact disc, and thus HMET has not yet been unable to examine these documents.

5

HMET thus asks this Court to direct Respondents to comply forthwith with its order of April 3, 2008, and for a protective order narrowing Respondents' discovery requests in accordance with HMET's objections attached in Exhibit A.

Dated: April 21, 2008

                            Respectfully submitted,

                            By: s/Lindsay Wilson Gowin
                                One of the Attorneys for Applicant
                                Holland Middle Trading Ltd.

Peter V. Baugher
Lindsay Wilson Gowin
SCHOPF & WEISS LLP
One South Wacker Drive, 28th Floor
Chicago, IL 60606
Telephone: 312.701.9300
Facsimile: 312.701.9335
Email: lgowin@sw.com

## **CERTIFICATE OF SERVICE**

I, Lindsay Wilson Gowin, an attorney, hereby certify that a copy of the attached **Holland Middle East Trading Ltd.'s Objections to Discovery Requests and Request For the Court's Assistance** was filed electronically with the Clerk of the Court using the CM/ECF system on this 21st day of April, 2008, which will automatically send email notifications of such filing to counsel below and those counsel enrolled in the system:

>Scott A. Meyers
>Kurt Stitcher
>David W. Porteous
>Amy A. Pines
>Levenfeld Pearlstein, LLC
>2 North LaSalle Street, Suite 1300
>Chicago, Illinois 60602
>Facsimile: 312.346.8434

>s/Lindsay Wilson Gowin
>Lindsay Wilson Gowin

180675_1.DOC