# EXHIBIT B

## JUDGMENT

IN THE NAME OF THE QUEEN

---

**HAARLEM DISTRICT COURT**

Civil law sector

Case number / Cause-list number: 131861 / KG ZA 07-44

**Judgment in interim relief proceedings**

in the case of

1. the legal entity under the law of the British Virgin Islands
**HOLLAND MIDDLE EAST TRADING LTD.,**
with its registered office in Dubai, United Arab Emirates,
2. **FRANCISCUS ANTONUS MARIA GIEZEN,**
residing in Dubai, United Arab Emirates,
3. **PETRONELLA JOHANNA ELIZABETH VAN ASPERT,**
residing in Dubai, United Arab Emirates,
4. the legal entity under the law of the United Arab Emirates,
**POWER PLATE TRADING LLC,**
with its registered office in Dubai, United Arab Emirates,
Plaintiffs in the principal action,
Defendants in the counterclaim action,
Local counsel *mr.* M. Middeldorp,
attorneys-at-law *mr.* J. Meuleman and *mr.* M.E. Koppenol-Laforce in Amsterdam,

versus

1. the private limited liability company
**POWER PLATE INTERNATIONAL B.V.,**
with its registered office in Amstelveen, the Netherlands
2. **MARK CLIVE MINTER,**
residing in Chicago, United States of America
3. **ALLAN BRIAN HENRY FISHER,**
residing in London, United Kingdom,
4. **LEE SCOTT HILLMAN,**
residing in Glencoe, United States of America,
Local counsel *mr.* L. Koning,
Attorneys-at-law *mr.* P. Roorda and *mr.* A.J. Fioole in Amsterdam,
5. **AUGUSTINUS LEONARDUS NICOLAAS VAN DER MEER,**
residing in Hoofddorp, Municipality of Harlemmermeer, the Netherlands,
Local counsel *mr.* J.P. Koets,
Defendants in the principal action,
Counterclaimants.

The plaintiffs in the principal proceedings, defendants in the counterclaim proceedings, will be referred to hereafter individually as HMET Ltd., Giezen, Van Aspert and PPT and jointly, in the singular, as HMET.

131861 / KG ZA 07-44  2
9 March 2007

---

The defendants in the principal proceedings, counterclaimants, will be referred to individually as PPI BV, Minter, Fischer, Hillman and Van der Meer and jointly, in the singular, as PPI.

**1.   The proceedings**

1.1.   The course of the proceedings is evident from:
- the summons
- the hearing
- the written arguments of HMET
- the change of claim
- the written arguments of PPI
- the written arguments of Van der Meer
- the counterclaim.

**2.**   Finally, judgment was scheduled.

**1.2.   The facts**

2.1   PPI BV brought proceedings before the Dubai Courts of First Instance (United Arab Emirates), under Suit Number 781/2006, against HMET Ltd., Power Plate Middle East, Giezen, Van Aspert and PPT, in which it claims:
*(...)*
*1- Confirm the termination of the agreements dated 20.9.2004 and 1.6.2005 as from 19.10.2006 in [and] cancel the same along with all their effects, and obligate the Defendants jointly and severally to pay the sum of Euro 28,000,000 or its Dirhams equivalent of 128,800,000 by way of material and moral damages for the Plaintiff.*
*2- Obligate the Defendants in the same capacities to pay legal interest as from the date of entitlement until final settlement along with the court fees, cost and advocacy fees*
*(...)*

2.2.   On 21 December 2006, the interim relief judge of this Court pronounced judgment in interim relief proceedings between HMET and PPI BV, the operative part of which reads, in so far as relevant here:
   "*orders PPI to withdraw the action brought under Suit Number 781/2006 before the Dubai Courts of First Instance against Holland Middle East Trade Company Limited, Power Plate Middle East, Frans Giezen, Petronella Johanna Elizabeth Giezen and Power Plate Trading LLC, on 9 January 2007 or any other earlier occasion, or to keep the proceedings in question dormant from the time of service of this judgment, without any financial or procedural impediments for HMET et al., while providing HMET et al. with a copy of the relevant instructions given to the local counsel in Dubai, until the Court in the Netherlands has decided on the claims to be filed by PPI in that action in a nonappealable and final judgment,*
*rules that PPI, for each time that it acts in conflict with this injunction, must forfeit an incremental penalty of € 1,000,000 (one million euros) up to a maximum of € 28,000,000 (twenty-eight million euros),*

*declares this judgment provisionally enforceable.*"

2.3.   On 28 December 2006, the bailiff's copy of the judgment of 21 December 2006 (hereafter also: "the judgment") was served on PPI BV. In a letter and a fax message of the same date, the

aforesaid *mr.* Fioole sent J. Majid of the law firm engaged by PPI BV in Dubai the following instruction.
*(Dear Mr Majid,*
*At the order of the President of the District Court in Haarlem, The Netherlands, dated 21 December 2006, we hereby instruct you on behalf of our client, Power Plate International B.V., to withdraw the under Suit number 781/2006 filed claim by Power Plate International BV (also "the Plaintiff") against Holland Middle East Trade Company Limited, Power Plate Middle East, Frans Giezen, Petronella Johanna Elizabeth Giezen and Power Plate Trading L.L.C. (together: the "Defendants") on 9 January 2007 or earlier occasion, or alternatively – without any financial or procedural impediments to the Defendants – to keep the proceedings in connection with that claim inactive till the Dutch court has in final instance disposed of the alleged claims of Power Plate International B.V. or the order of the President of the District Court in Haarlem has been invalidated by a higher court of competent jurisdiction, such entirely without prejudice to the underlying claims of Power Plate International B.V. against the Defendants. (...)*

2.4. On 9 January 2007, the attorney of PPI BV in Dubai requested the judge to stay the case until 1 February 2007 so that evidence could be gathered. That request was allowed.

2.5. A record was made of the hearing of the Dubai Court of First Instance of 1 February 2007, the English translation of which reads as follows:
*"(...)*
*At the public hearing held on Thursday, 01.02.07*

*Presiding Judge*
    *Rashid Mohammed Al Sameeri, Judge in the Court of First Instance*
*Members of the Bench*
    *Jamal Salim Al Jabiri, Judge in the Court of First Instance*
    *Asharaf Atouh Ahmed, Judge in the Court of First Instance*
*In Attendance: Khalid Abdullah Al Mulla, Court Clerk*
*Action No.    781-2006 Commercial-Full Bench*
*Following summons:*
*None of the parties attended*

                      DECISION

*The Court hereby decides to strike out the proceedings*
*(...)"*

2.6. On 25 January 2007, HMET ordered PPI BV to pay EUR 1,000,000 as an incremental penalty set in the judgment. On 2 and 5 February 2007, HMET levied several attachments in execution against PPI BV.

**3.    The dispute in the principal action**

3.1. After the change of claim, HMET claims:

1. that PPI BV, Minter, Fisher, Hillman and Van der Meer should be prohibited, individually or together with one or more others, from requesting, or having others request, the competent authorities of the United Arab Emirates, including the judicial authorities, to seize the passports of Giezen and Van Aspert, and that they should be ordered individually and jointly to refrain from any action that could result in revocation of the passports of Giezen and Van Aspert. HMET claims as well that the latter should be ordered individually and jointly to refrain from any action that could otherwise restrict

131861 / KG ZA 07-44    4
9 March 2007

the freedom of movement of Giezen and Van Aspert, all this on pain of forfeiture of an incremental penalty of € 1,000,000 (one million euros) for each time that they violate the prohibition, and subsequently for each day, including part of a day, that the consequences of the violation continue, and on pain of forfeiture of € 1,000,000 (one million euros) for each day, including part of a day, that they fail to comply with one or both of the orders, or on pain of an incremental penalty to be determined by the interim relief judge.

2.    that PPI BV, Minter, Fisher, Hillman and Van der Meer should be ordered to withdraw the action brought under Suit Number 781/2006 at the Dubai Courts of First Instance against HMET Ltd., Power Plate Middle East, Giezen, Van Aspert and PPT within twenty-four hours of service of the judgment to be passed in this matter and to keep it withdrawn, or to do this on the earliest following occasion, until a decision has been taken on the liability of PPI BV towards HMET in nonappealable and final judgment passed in an action on the merits to be brought by HMET before the Haarlem District Court, and that PPI BV, Minter, Fisher, Hillman and Van der Meer should be ordered to provide written evidence of this to HMET Ltd., Giezen, Van Aspert and PPT on their written demand, on pain of forfeiture of an incremental penalty of € 1,000,000 (one million euros) for each day, including part of a day, that they fail to do so, or on pain of a penalty to be determined by the interim relief judge;

3.    alternatively, if and in so far as the interim relief judge does not allow the claim under 2., that PPI BV, Minter, Fisher, Hillman and Van der Meer should be ordered not to bring the action again that was brought under Suit Number 781/2006 before the Dubai Courts of First Instance against HMET Ltd., Power Plate Middle East, Giezen, Van Aspert and PPT, or otherwise reactivate it, until a decision has been taken on the liability of PPI BV towards HMET in nonappealable and final judgment passed in an action on the merits to be brought by HMET before the Haarlem District Court, on pain of forfeiture of an incremental penalty of € 1,000,000 (one million euros) for each day, including part of a day, that they violate such order, or on pain of a penalty to be determined by the interim relief judge;

all this while ordering PPI BV, Minter, Fisher, Hillman and Van der Meer jointly and severally to pay the costs of the proceedings.

3.2.    PPI puts forth a defence. The statements of the parties are discussed further below, in so far as they are relevant.

**4.    The dispute in the counterclaim action**

4.1.    PPI claims:

1.    Lifting of the attachments in execution levied by HMET and
2.    Cessation of the enforcement of the incremental penalties determined in the judgment, on pain of forfeiture of an incremental penalty.

4.2.    HMET puts forth a defence. The statements of the parties are discussed further below, in so far as they are relevant.

**5.    The ruling in the principal action**

5.1.    PPI puts forth a defence against HMET's intended change of claim. The interim relief judge rules as follows in this regard. The claim under 3.1.1. has been supplemented in the sense that HMET now claims that an incremental penalty should be attached to the order relating to the seizure of

passports. This fills in an apparent omission. For the rest, the changed claim is in line with the original claim and constitutes a toughening of that claim which has become necessary in connection with the way in which the action in Dubai can be struck out that became known after the summons was issued. The interim relief judge is of the opinion that this change will not unreasonably harm PPI's defence. The change of claim will therefore be allowed.

5.2.   Under 3.1.2. and 3.1.3, HMET claims that the interim relief judge should order PPI BV and its officers, on pain of forfeiture of an incremental penalty, to withdraw the action in Dubai and keep it withdrawn and provide HMET with written evidence of this, or prohibit PPI BV and its officers from activating the action.

5.3.   The basis of HMET's claim is that PPI has completely ignored the judgment of 21 December 2006. PPI did, after all, request postponement on 9 January 2007 for submission of evidence. Although the proceedings were struck out on 1 February 2007, they have not been finally struck out. HMET refers to the explanatory notes to Article 51 of the "Civil Procedure Code" of the United Arab Emirates (hereafter also "CPC"), the English translation of which reads:
*"If neither the plaintiff nor the defendant appears at any subsequent hearing, the court will pass judgment if it is competent to do so. If not, it will strike out the action, after checking the validity of the notification.*
*If the action remains struck out for sixty days and neither adversary seeks continuation, it will be deemed a nullity but all rights will be preserved."*

The situation has now occurred that the proceedings can be placed on the cause list again within a period of 60 days. HMET does not trust that PPI will not make use of that possibility.

5.4.   PPI disputes that it has not complied with the judgment of 21 December. It refers in this context to the instruction to its attorney in Dubai cited under the facts. Under Dubai procedural law, it is not possible to make a unilateral request to stay a case. As an explanation, it referred to Article 101 CPC, which reads in English: *The claim may be suspended if the adversaries agree not to proceed with it for a period not exceeding six months from the date of the court's confirmation of their agreement. This suspension shall have no effect on any definite date established by law for procedures. It shall not be permissible for either party to expedite the case during this period except with the agreement of his adversary."* A case may be stayed only at the unanimous request of the parties. Nor is it possible to request a stay prior to the hearing. That is why the attorney of PPI BV went to the court on 9 January 2007 and requested a stay at the hearing for the purpose of gathering evidence. That was merely a procedural manoeuvre to effect a unilateral stay, without financial impediments for HMET. Subsequently, the attorney of PPI BV went to the court on 1 February 2007 and informally let the court know that neither of the parties would appear. Thereupon, the court struck out the case in conformity with Article 51 CPC, as is evident from the record of the hearing. PPI does not intend to reactivate the case.

5.5.   Now that the case has been stricken out, the claim under 3.1.2. cannot be allowed. The case has already been withdrawn, albeit that the proceedings can be reactivated within 60 days from 1 February 2007. Although PPI has made it known that it is not planning to use that possibility, the interim relief judge is of the opinion that there is nevertheless cause to prohibit PPI from doing so on pain of forfeiture of an incremental penalty. PPI BV has, after all, filed a claim for EUR 28,000,000 in damages against HMET Ltd., which to date it has not substantiated further, let alone properly. As already ruled in the judgment of 21 December 2006, account must be taken of the possibility that HMET will not be able to defend itself adequately against this because of the high costs of legal assistance. In Dubai, it cannot be ruled out that attorneys will charge their clients a fee equal to a percentage of the amount claimed. That percentage can be as high as 20 per cent. For the rest as well, the interim relief judge concurs with his colleague, who concluded in the judgment of 21 December 2006 that the action in Dubai was brought solely for the purpose of making the other party's life as

131861 / KG ZA 07-44                                                                                                   6
9 March 2007

---

miserable and difficult as possible. As the company and its management apparently do not shun such means, there is sufficient reason to prohibit PPI from activating the proceedings and to stimulate compliance with this prohibition by the company as well as the management. The claim under 3.1.3. will therefore be allowed, on the understanding that the incremental penalty claimed will be maximised as stated in the operative part.

5.6.    The claim under 3.1.1. is for the purpose, concisely stated, of prohibiting PPI BV and its officers to take measures that could result in revocation of the passports of Giezen and Van Aspert, or which could otherwise restrict their freedom of movement. It is evident from the exhibits submitted that, under the procedural law of Dubai, it is in principle possible that the civil court will revoke a defendant's passport at the request of a plaintiff. PPI has defended itself against this part of the claim by stating that it has not made such a request and does not intend to do so.

5.7.    Here, too, the mere fact that PPI BV brought the action in Dubai – solely, as stated above, for the purpose of making things as difficult as possible for the other party – is sufficient cause not to rule out that PPI and its officers would not hesitate to request measures to restrict Giezen's and Van Aspert's freedom of movement. The claim under 3.1.1 will therefore be allowed. Here as well, the incremental penalty will be maximised as stated below. PPI, as the party found against, will be ordered to pay the costs of the proceedings.

## 6.     The ruling in the counterclaim action

6.1.    In the counterclaim action, PPI claims lifting of the attachments levied and cessation of the enforcement of the incremental penalties determined in the judgment of 21 December 2006. It bases its claim on the fact that it has complied fully with the judgment, so that HMET is wrongfully claiming incremental penalties. HMET challenges this.

6.2.    It can be conceded to PPI that the instruction it sent to its attorney in Dubai is in line with the order. On the other hand, the situation is nevertheless that, although the case has been withdrawn, PPI still has a possibility to reactivate the proceedings within 60 days. No account could be taken of this possibility at the time the judgment was passed, as the relevant provisions of Dubai were not yet known at that time. Consequently, there can be different ideas on whether or not PPI has complied with the judgment.

6.3.    Against that background, the interim relief judge considers it advisable not to lift the attachments levied for the purpose of enforcing the periodic penalties, but to suspend the further enforcement of the judgment until the court in the proceedings on the merits has decided in a nonappealable and final judgment whether incremental penalties have been forfeited.

6.4.    In view of the counterclaim action, each of the parties will be ordered to pay its own legal costs.

## 7.     The decision

The interim relief judge

<u>In the principal action</u>

7.1.    prohibits PPI BV, Minter, Fisher, Hillman and Van der Meer, individually and jointly, from requesting, or having others request, the competent authorities of the United Arab Emirates, including the judicial authorities, to seize the passports of Giezen and Van Aspert,

131861 / KG ZA 07-44  
9 March 2007

7

7.2. prohibits PPI BV, Minter, Fisher, Hillman and Van der Meer, individually or together with one or more others, from performing acts that could result in revocation of the passports of Giezen and Van Aspert, or could otherwise restrict the freedom of movement of Giezen and Van Aspert,

7.3. rules that PPI BV, Minter, Fisher, Hillman and Van der Meer, shall forfeit an incremental penalty of EUR 1,000,000 for each violation of the prohibitions under 7.1. and/or 7.2., subject to a maximum of EUR 10,000,000,

7.4. prohibits PPI BV, Minter, Fisher, Hillman and Van der Meer from bringing the action brought by PPI BV under Suit Number 781/2006 before the Dubai Courts of First Instance against HMET Ltd., Power Plate Middle East, Giezen, Van Aspert and PPI, again, or otherwise reactivating it, until the Haarlem District Court has decided on the liability of PPI BV towards HMET Ltd. in an action on the merits of the case brought by HMET, in a nonappealable final judgment.

7.5. rules that PPI BV, Minter, Fisher, Hillman and Van der Meer, shall forfeit an incremental penalty of EUR 1,000,000 for each violation of the prohibitions under 7.4., subject to a maximum of EUR 10,000,000,

7.6. orders PPI BV, Minter, Fisher, Hillman and Van der Meer to pay the costs of the proceedings until the pronouncement of this judgment in the principal action, assessed at EUR 609.64 in disbursements and EUR 816 in fees of the local counsel,

7.7. declares this judgment provisionally enforceable,

7.8. dismisses any further applications,

<u>in the counterclaim action</u>

7.9. suspends the enforcement of the incremental penalties determined in the judgment passed on 21 December 2006 between HMET Ltd., Giezen, Van Aspert and PPT on the one hand, and PPI BV on the other in interim relief proceedings, until the court in the proceedings on the merits in a nonappealable and final ruling, has decided whether or not incremental penalties have been forfeited on the basis of that judgment,

7.10. declares this judgment provisionally enforceable,

7.11. orders each of the parties to pay its own costs of the counterclaim action,

7.12. dismisses any further applications.

This judgment was passed by mr. Th.S. Röell and pronounced in open court on 9 March 2007.

(signature)                                                              (signature)


(stamp of the Haarlem  
District Court)                    ISSUED AS A TRUE BAILIFF'S COPY

                                   issued to *mr. M. Middeldorp*

                                   the Clerk of the Court (signature)

131861 / KG ZA 07-44  
9 March 2007

8

Conc: 134