IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re Application of Holland Middle East Trading Ltd. | ) ) | No. 08 C 1344 |
| to Obtain Discovery For Use in a Suit Pending in the | ) ) | Hon. Ruben Castillo |
| Haarlem District Court of the Kingdom of the Netherlands. | ) ) ) | Magistrate Judge Martin C. Ashman |

**HOLLAND MIDDLE EAST TRADING LTD.'S REPLY TO RESPONDENTS'
OPPOSITION TO HMET'S "OBJECTIONS TO DISCOVERY REQUESTS AND
REQUEST FOR THE COURT'S ASSISTANCE**

Applicant Holland Middle East Trading Ltd. ("HMET"), by its attorneys, replies to *Respondents' Opposition to HMET's "Objections to Discovery Requests and Request for the Court's Assistance*. It seeks this Court's assistance to induce the Respondents to comply with the Court's orders of March 17 and April 3, 2008 (Docket #9 and #23), requiring them to provide documents and testimony intended to be used as evidence in litigation now pending the Netherlands.

**I.     Respondents Mischaracterize the Court's Orders of March 17 and April 3, 2008.**

Both orders require Respondents to produce documents and submit to depositions as requested in HMET's application. The April 3 order gave Respondents a deadline of April 11. Despite the clarity of these orders, Respondents have largely resisted: They have produced essentially no documents, provided no schedule for the production of documents, appeared for no depositions, provided no dates for depositions, and persist in quarreling about service of subpoenas that were first served on Respondents with the Application in early March.

180852_1.doc

A.  **Respondents' Arguments Over Service of Subpoenas Are Unfounded and Cause Delay and Unnecessary Expense.**

Attached to HMET's Application were subpoenas submitted to this Court so that the Court could consider the scope of the evidence HMET sought. The Application and summons were served personally on Respondents two days later on March 6 (Docket #6). Power Plate North America, Scott Minter and Lee Hillman entered appearances on March 18 (Docket #10-14).

A party need not make a request for counsel to receive discovery requests on behalf of his clients once these clients have appeared. *See* Fed. R. Civ. P. 5. Indeed, an attorney's direct contact with a represented individual could be viewed as unethical. HMET therefore provided executed copies of the subpoenas and witness fees at Respondents' request to their lawyers at their offices in Chicago. Nonetheless, Respondents continue to delay based on wrong-headed objections to service of requests they have had for six weeks.

B.  **Respondents Reject Their Duty To Produce Documents By April 11.**

The Court's April 3 Order states that "[t]he Court orders full compliance with its 3/17/2008 order by 4/11/2008." Respondents assert that "the Court's two orders did ***not*** impose upon Respondents any obligation to produce every responsive document by April 11." Opposition at 9 (emphasis in original). In fact, now two weeks after April 11, Respondents have produced almost none.

Respondents justify their slowness by stating that the Court could not have intended to "give Respondents only six (6) business days to produce electronic data that might run into the multi-gigabyte range." However, Respondents had 25 days from March 17 until the April 11 deadline, and another two weeks since then. This is ample time for Respondents to

either (a) produce their evidence, or (b) produce as much information as possible and explain why more time was needed. Instead, Respondents produced three insurance policies and some unsigned draft acquisition papers, and have refused to answer any of HMET's reasonable inquiries as to when the rest of the documents could be expected.

**C.     Just As This Court Reviewed and Approved HMET's Discovery Requests Before It Granted HMET's Application, Respondents' "Reciprocal Discovery" Should Also Be Subject to Court Review.**

Respondents were granted "reciprocal discovery" from HMET, but they were not given *carte blanche*. At the time of the April 3 hearing, Respondents had not described the information they wanted; in fact, they did not serve their discovery requests until after 5:00 p.m. on the Court's April 14 deadline. In order to be "reciprocal," the discovery demands must be neither unduly intrusive nor overly burdensome, nor an attempt to unfairly unbalance the litigation. The Court's April 3 order set a deadline for Respondents' discovery requests and HMET's objections, and HMET set forth its objections and comments in compliance with the Court's order. Although 28 U.S.C. §1728 does not set out a specific process, Respondents' meet-and-confer argument is technically misplaced and ignores (a) Respondents' obligation to comply with court orders, and (b) HMET's counsel's efforts to find out what Respondents expected to produce and on what schedule.[1]

---

[1] HMET's counsel Lindsay Wilson Gowin called Respondents' counsel Kurt Stitcher at 12:58 p.m. on April 15, and David Porteous on April 23 at approximately 11:30 a.m. Both times she left a message asking for a return call to discuss both parties' discovery issues. Neither call was returned, and Mr. Porteous responded with an e-mail demanding the withdrawal of HMET's motion before Respondents would speak with HMET's counsel. Ms. Gowin also contacted Respondents' counsel via e-mail on April 11, 14 and 17.

**II.     Respondents Misunderstand the Term "Reciprocal."**

Respondents' discovery requests are not reciprocal.  HMET is seeking to support particularly its claims for damages and its charges against the directors, two of whom reside in the Chicago area.  HMET largely asked for two types of documents: (a) sales information to prove damages, and (b) communications that implicate the directors in the wrongful termination of HMET's distributorship.  Respondents, on the other hand, have requested documents on a broad range of topics, some beyond the issues actually contested in the litigation.  In Request #10, for example, Respondents demand every document every generated by HMET during the entirety of its operation.  This is asymmetrical, not reciprocal.

Respondents emphasize the fact that discovery under 28 U.S.C. §1782 is limited to evidence located within the Northern District of Illinois.  They criticized the idea that HMET used this application process to force European entities to ship documents to the United States, despite the fact that HMET made no such demand.  However, that is what Respondents have themselves loudly requested: They demand that HMET review all its documents in conjunction with its Dutch counsel and ship all of its documents to the United States to American lawyers unconnected to the Dutch litigation, who will then forward these documents to another set of unconnected American lawyers, who will then ship them back to the Netherlands.  By contrast, HMET seeks evidence located here.

**A.     Delaying Their Depositions, Respondents Demand that HMET's Principals Be Deposed First.**

In response to each of HMET's inquiries about deposition dates for Respondents, they have refused to provide dates until HMET's principals have first been deposed.  This demand is reiterated in their Opposition.  Opposition at 12.  Respondents requested this relief in

4

their Motion for Reconsideration (Docket #15, at 12); the Court did not impose any such condition.

HMET filed its Application before this Court in an attempt to expedite the gathering of evidence and to end Power Plate's gamesmanship, which has been sufficiently extreme that the Dutch court awarded HMET a total of €1.1 million. In its Opposition, Respondents accuse HMET of "proclaim[ing] that it will defy this Court's Order regarding reciprocal discovery." This is untrue, as is apparent from HMET's objections. HMET's objections to the discovery requests were, in Respondents' own words, "minimal" and "pointed to only three requests that it believes are irrelevant." Opposition at 10. HMET provided a list of documents already produced in the Dutch litigation and another list of documents it intends to provide shortly.

HMET has already begun that production. Although all of HMET's records are in the Netherlands, HMET has produced the following documents:

- All documents listed in Exhibit 1 to HMET's *Amended Objections to Discovery Requests and Request for the Court's Assistance*;
- Letters of intent for sixteen countries (Requests #2, 6, 8, 10, 11);
- Distribution contract for India (Requests #2, 6, 8, 10, 11);
- Marketing invoices and materials (Request #8, 10, 11);
- Rebate agreements (Request #8, 10, 11);
- Sales and purchase invoices (Request #8, 10, 11);
- Business licenses and certificates of good standing (Request #1, 8, 10);
- Sales forecasts (Request #8, 10, 11);
- Documents pertaining to Power Plate's termination of the distributorship (Requests #6, 8, 10);
- Import, export and customs documents (Request #6, 8, 10);
- E-mails between HMET and Power Plate International (Request #3, 8, 9, 10).

5

HMET's documents are largely in Dutch and none are in the U.S. HMET and its counsel are working, however, to gather and produce them, as promised in the objections filed April 21 (Docket #27).

HMET suggested producing its principals in a Dutch witness hearing for questioning by the judge and opposing counsel in lieu of depositions; Respondents do not say why this is insufficient. In short, HMET has fully complied with the orders of this Court and those of the court in the Netherlands – and will continue to do so.

**B.     Respondents' Production to Date Has Been of Negligible Value.**

Respondents have made much of their nearly 700-page production. Despite the number of pages, the production consists of only a few documents, the majority of which are irrelevant to the Dutch case. For instance, of the three insurance policies provided on April 11, two of them post-date the termination of the distributorship and thus provide no coverage for this dispute. Respondents provided some acquisition documents, but they are the unsigned, "for discussion only" drafts rather than binding documents that set forth the terms of the deal. There are no e-mails from Mr. Hillman or Mr. Minter, for example, nor board meeting minutes; these documents will presumably be in those Respondents' possession. None of the documents are those on HMET's list of most-sought materials. *See* Exhibit C to HMET's *Objections to Discovery Requests and Request for the Court's Assistance*. Respondents' production to date is merely a token compliance rather than a *bona fide* effort to follow the Court's order.

## Conclusion

The Dutch court observed Respondents' conduct over an extended period, and concluded that "no means will be left untried and that even the most basic standards of decency may be violated" as the Respondents attempt to evade judgment. Judgment in Summary

Proceeding of the Haarlem District Court, July 6, 2007, at 8.  Respondents have misrepresented both HMET's contentions and this Court's orders, and are now in this forum delaying and imposing costs on HMET and its principals.  Respondents' discovery requests are far broader than those made by HMET, and their recalcitrance in responding to HMET's discovery requests disregards two orders of this Court.

HMET thus asks this Court to direct Respondents to comply forthwith with its order of April 3, 2008, and for a protective order narrowing Respondents' discovery requests in accordance with HMET's objections.

Dated:  April 25, 2008

                    Respectfully submitted,

                    By:  s/Lindsay Wilson Gowin
                        One of the Attorneys for Applicant
                        Holland Middle Trading Ltd.

Peter V. Baugher
Lindsay Wilson Gowin
SCHOPF & WEISS LLP
One South Wacker Drive, 28th Floor
Chicago, IL 60606
Telephone: 312.701.9300
Facsimile:  312.701.9335
Email:  lgowin@sw.com

## **CERTIFICATE OF SERVICE**

I, Lindsay Wilson Gowin, an attorney, hereby certify that a copy of the attached **Holland Middle East Trading Ltd.'s Reply to Respondents' Opposition To HMET's Objections to Discovery Requests and Request For the Court's Assistance** was filed electronically with the Clerk of the Court using the CM/ECF system on this 25th day of April, 2008, which will automatically send e-mail notifications of such filing to counsel below and those counsel enrolled in the system:

>Scott A. Meyers
>Kurt Stitcher
>David W. Porteous
>Amy A. Pines
>Levenfeld Pearlstein, LLC
>2 North LaSalle Street, Suite 1300
>Chicago, Illinois 60602
>Facsimile: 312.346.8434

>s/Lindsay Wilson Gowin
>Lindsay Wilson Gowin