

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re Application of Holland Middle East Trading Ltd. to Obtain Discovery for Use in a Suit Pending in the Haarlem District Court of the Kingdom of the Netherlands | Case No. 08-CV-1344<br><br>Hon. Ruben Castillo<br><br>Magistrate Judge Martin C. Ashman |

### STIPULATED PROTECTIVE ORDER

This cause coming to be heard on the agreed motion of Applicant Holland Middle East Trading Ltd. ("Applicant") and Respondents Lee S. Hillman, Mark C. Minter, and Power Plate North America, Inc. ("Respondents") (collectively, "the Parties") for the entry of a Protective Order to prevent the inappropriate dissemination of Confidential Information produced by the Parties in this proceeding, the Parties having been present, and the Court being duly advised in the premises;

It is hereby Ordered as follows:

1. "Confidential Information," as used herein, shall mean:

    (a) Any trade secret, non-public information, or other confidential research, development, or commercial information, including, but not limited to, competitively sensitive information, as such terms are used in Federal Rule of Civil Procedure 26(c)(7), or any document, transcript, or other material containing such information;

    (b) Information of a personal or intimate nature regarding any individual, the public disclosure of which would cause that person annoyance,

1

embarrassment, oppression, or undue burden or expense if not protected; and

(c) Any materials previously designated as confidential pursuant to a pre-existing protective order, confidentiality agreement, or confidentiality provision within a third-party agreement.

2. For the purposes of this Protective Order, "Confidential Information" shall mean all items designated or treated as "Confidential" pursuant to the terms of this Order. Confidential Information shall be provided only to "Qualified Persons," as described in Paragraph 3, below.

3. "Qualified Persons" with respect to the receipt of "Confidential Information" are:

(a) Outside attorneys of record for the Parties in this proceeding (Case No. 08-CV-1344) ("this Proceeding") and for the parties to the actions pending in the Haarlem District Court in the Kingdom of the Netherlands (the "Underlying Litigation") (collectively, the "Litigation Matters") retained specifically for the Litigation Matters, including any employees of such attorneys to whom it is necessary that the material be shown for purposes of the Litigation Matters;

(b) The Parties and all parties to the Underlying Litigation, including Franciscus A.M. Giezen and Petronella J.E. van Aspert ("HMET Principals");

(c) In-house counsel for the Parties and for all parties to the Underlying Litigation to whom it is necessary that the material be shown for purposes of the Litigation Matters;

(d) The courts overseeing the Litigation Matters, other court officials (including court reporters and videographers), and the trier of fact, provided that Confidential Information is filed or used "under seal";

(e) Consulting and/or testifying experts retained by the Parties or their counsel, or by the parties to the Underlying Litigation or their counsel, specifically for the Litigation Matters, to the extent necessary for such consultants and/or testifying experts to assist the respective parties and/or their counsel in the preparation of their respective cases;

(f) To the extent reasonably designed to assist in the prosecution or defense of claims or defenses in the Litigation Matters, (i) persons called to testify, or whom a party reasonably may call to testify, in the trial of the Underlying Matter or at a deposition or hearing in the Litigation Matters; and (ii) persons who have submitted, or whom a party reasonably anticipates may submit, an affidavit in connection with a motion in the Litigation Matters;

(g) Employees of copying, imaging, coding, document management, or trial preparation services utilized by any party with respect to the Litigation Matters;

(h) As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(i) A party's outside and in-house auditors, to the extent necessary for any audit relating to the issues in the Underlying Litigation; and

3

(j)     Regulators or taxing authorities with responsibility for oversight of any party in the Underlying Litigation, to the extent required by applicable law or regulations.

All Qualified Persons to whom Confidential Information may be disclosed shall, prior to any such disclosure, be advised of the existence of this Protective Order and its applicability to the Confidential Information. Any Qualified Person not employed by counsel for the Parties or by counsel for the parties to the Underlying Litigation (other than court-related personnel and persons employed for purposes of copying or imaging documents in connection with the Litigation Matter) must, prior to the receipt of any Confidential Information, review this Protective Order and sign an Acknowledgment and Consent to Be Bound ("Acknowledgement") (attached as Exhibit A). Executed copies of all such Acknowledgements shall be retained by counsel disclosing Confidential Information to such persons, until the final conclusion of the Litigation Matters, as described in Paragraph 17, below.

4.     All Confidential Information produced or exchanged in the course of the Litigation Matters shall be used solely for the purpose of discovery and case proceedings, such as hearings, depositions, trial, and/or appeal in the Litigation Matters and for no other purpose whatsoever, including without limitation, business, governmental, commercial, or judicial purposes. Confidential Information shall not be disclosed to any person except in accordance with the terms of this Protective Order. Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons, as defined herein.

5.     This Protective Order governs the use of Confidential Information in this proceeding, as well as in the Underlying Litigation, and specifically contemplates the execution of a counterpart Agreement between the parties to the Underlying Litigation. The Parties agree

4

that they will support, or not object to, the entry of a counterpart Protective Order by the Dutch courts and/or the efforts of any party to the Underlying Litigation to obtain enforcement of the counterpart Agreement by a Dutch court.

6. Confidential Information disclosed in this Proceeding may be used outside of the Litigation Matters in only three circumstances and only under the conditions set forth in this Paragraph 6.

    (a) Subject to the conditions precedent set forth in Paragraph 6(b) & (c) below, the Parties may seek to use Confidential Information disclosed in this Proceeding in (i) the litigation currently pending between Applicant and the HMET Principals and certain Power Plate entities in the United Kingdom (Power Plate International Ltd. v. Holland Middle East Trading Ltd., HQ07X00946, Royal Courts of Justice, Queen's Bench Division); (ii) any reinstatement of the withdrawn proceedings between Applicant and the HMET Principals and any Power Plate entity in the United Arab Emirates (781/2006 by the Dubai Courts of First Instance); and (iii) any currently pending or future litigation commenced by any Power Plate entity against Applicant and/or the HMET Principals, and vice versa.

    (b) Before either Party can seek to use Confidential Information in any of the proceedings set forth in Paragraph 6(a)(i)-(iii) above, the Party seeking to use such information must obtain from a court of competent jurisdiction and authority in the jurisdiction where the Party seeks to use such information a Protective Order whose provisions and enforcement mechanisms replicate those set forth in

5

this Stipulated Protective Order, subject only to any variations required by local law or rules.

(c)     Once the Party seeking to use Confidential Information has obtained the Protective Order required by Paragraph 6(b) above, such Party must request from the Party whose Confidential Information is at issue a copy of the desired Confidential Information from that Party, which request will not be refused, if the conditions precedent set forth in Paragraph 6(a) & (b) have been fulfilled

Nothing in this Paragraph 6 shall be construed to conflict with, or operate in derogation of, the rights of both Parties with respect to the return, or destruction, of Confidential Information produced in this Proceeding, as set forth in Paragraph 17, below.

7.     With respect to the documents deemed by the producing party to contain Confidential Information, other than deposition transcripts and exhibits, the producing party or that party's counsel may designate such documents as "Confidential" by stamping, or otherwise clearly marking, the word "Confidential," or words to that effect, on the first page of such documents or by marking on the portion of such documents containing Confidential Information the word "Confidential," or words to that effect.

8.     Information disclosed at the deposition of (a) a party or one of its former or current officers, directors, employees, agents, or independent experts retained by counsel for the purpose of the Litigation Matters, or (b) a third party, which information pertains to a party, may be designated by any party as "Confidential" on the record at the deposition and is subject to this Protective Order. Nothing in this Protective Order shall confer on any party or person the right to withhold discoverable testimony solely on the ground that it constitutes, or contains, Confidential Information, provided that the requirements for preserving the confidentiality of

information under this Protective Order are satisfied. Alternatively, any party may designate information disclosed at any such deposition as "Confidential" by notifying the parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential." Each party shall attach a copy of such written notice or notices to the face of the transcript and to each copy thereof in its possession, custody, or control. All deposition transcripts shall be treated as "Confidential" for a period of thirty (30) days after the receipt of the transcript. Should any party need to file all or a portion of such deposition transcript(s) prior to the expiration of the thirty-day period, the party shall file such transcript(s) or portion(s) thereof, under seal, as provided in Paragraph 18 herein.

9. Nothing herein shall prevent a Party, or other participating non-party producing documents, from moving the Court to apply a greater level of confidentiality than exists under this Protective Order to any documents or information (including discovery responses or deposition testimony) which that Party or participating non-party, in good faith, deems to be particularly sensitive (e.g., highly confidential research, business plans or strategies, or other competitive information), such that its disclosure could cause the loss of a significant competitive advantage to the moving Party or non-party. Furthermore, nothing in this Protective Order shall be deemed to affect or govern the disclosure, dissemination, production, admissibility, or use of documents or information claimed to be protected by the attorney-client privilege, the work product doctrine, or any other privilege, immunity, or protection.

10. Each Qualified Person who has access to Confidential Information shall take all due precautions to prevent the unauthorized or inadvertent disclosure of Confidential Information.

LP 1635327.1 \ 34480-74686

11.     Failure to designate material or information as "Confidential" shall not be deemed a waiver of any privilege or claim of confidentiality applicable to any documents, testimony, or evidence, if the party producing the material or information designates it as "Confidential" within 90 days of its production or dissemination. Producing parties desiring to correct a designation or non-designation shall be entitled to do so. Such correction shall be by written notice to counsel of record, accompanied by substitute copies of the re-designated materials. Upon receipt of such notice and re-designated materials, the receiving party shall substitute the re-designated materials for the original materials and shall either destroy, or return to the producing party, such original materials.

12.     Likewise, a producing party that inadvertently produces materials – whether Confidential Information or not – containing information subject to any recognized privilege or protection from disclosure may request, in writing, the return of such documents at any time. Upon receipt of such request, the receiving party shall return the original and all copies of such materials to the producing party within two (2) weeks of such request and shall not use the information for any purpose whatsoever. After the return of such privileged or protected materials, the receiving party may object to the assertion of any privilege or protection, pursuant to the procedure set forth in Paragraph 15, below.

13.     This Protective Order shall not be deemed a waiver of any party's right to use its own documents and its own Confidential Information in its sole and complete discretion, provided, however, that such party shall preserve and maintain, in accordance with the terms of this Protective Order, the confidentiality of any Confidential Information produced or distributed by other parties that is reflected in the party's own documents.

LP 1635327.1 \ 34480-74686

14. To the extent that any documents are inspected prior to copying, they shall be treated as "Confidential" during inspection.

15. No party shall be obligated to challenge the propriety of a "Confidential" designation at the time such designation is made, and any failure to do so shall not preclude a subsequent challenge to such designation. In the event that any party to the Litigation Matters disagrees at any stage of these proceedings with the designation of any information as "Confidential," or with the designation of any person as a Qualified Person, or requests additional limits on disclosure, the Parties shall first try to resolve such dispute in good faith on an informal basis (*e.g.*, via production of redacted copies of documents). If the dispute cannot be resolved informally, the objecting party shall bear the burden of seeking a Court order for removal of any confidentiality designations. Any and all documents or information subject to any such dispute shall remain confidential, as designated by the producing party, until the Parties agree, or the Court rules, otherwise. Should the Court find it necessary for resolution of a motion under this Paragraph, the information and/or documents at issues shall be submitted to the Court *in camera*.

16. No documents containing Confidential Information shall be filed with the Clerk of the Court of the United States District Court for the Northern District of Illinois in this Proceeding, or with its Dutch equivalent in the Underlying Litigation. In the event a party wishes to use any Confidential Information in affidavits, briefs, memoranda of law, or other documents requiring this Court's review, such documents shall be submitted to this Court in accordance with the Procedures for Electronic Case Filing in the Northern District of Illinois, including the submission of confidential documents *in camera* in a sealed envelope bearing the caption of the case, the case number, the title of the document to which the submitted

Confidential Information pertains, and the date of that filing. After the Court's review, the Court may return the *in camera* item(s) to the producing party, which shall maintain the submission intact for any further review. A redacted copy of any such document shall be electronically filed with the Clerk of Court for the record. The parties agree to follow a comparable procedure in the Underlying Litigation, to the extent that Dutch law provides for such a procedure.

17. Within sixty (60) days after the final conclusion of the Underlying Litigation, inclusive of any appeal thereof, any party (and its counsel) that has received Confidential Information from another party pursuant to this Protective Order shall destroy all copies of the Confidential Information so received or return them to the producing party, except that copies of any papers or exhibits that have been filed or admitted into evidence in the Litigation Matters and that are not subject to a sealing order of the Court need not be returned or destroyed. If the receiving party chooses to destroy, rather than to return, the Confidential Information, it must provide to the producing party sworn affidavits attesting to such destruction from (a) an authorized representative, and (b) the receiving party's attorney of record. This provision specifically imposes upon a receiving party (and its counsel) the obligation to obtain the return of all Confidential Information from any person to whom that party (or counsel) provided such Confidential Information under the terms of this Protective Order.

18. The provisions of this Protective Order and of its Dutch counterpart, if any, shall continue to be binding for a period of time not to exceed sixty (60) days after the return and/or certified destruction of all Confidential Information received by any person under the provisions of such Orders, as set forth in Paragraph 17 above; provided, however, that this Court and the Dutch courts shall retain jurisdiction over all parties and persons for the purposes of enforcing the terms of this Order or of its Dutch counterpart, if any, in the event that any party or person

receiving Confidential Information hereunder discloses, or threatens to disclose, whether orally or otherwise, any information reflecting, or based on, Confidential Information produced by another party under the provisions of this Order or of its Dutch counterpart, if any.

19. It is the responsibility of the attorney of record to employ reasonable measures, consistent with this Protective Order, to control duplication of, and access to, Confidential Information.

20. Nothing in this Protective Order shall be construed to control the use, dissemination, publication, or disposition by any party of documents or information received by that party outside the course of the discovery process in the Litigation Matters, or documents or information which are, or become, publicly available through means other than disclosure in the Litigation Matters; provided, however, that any documents or information received from a party (directly or indirectly) prior to the Litigation Matters that relate to the subject matter of the Litigation Matters and that the party advised were confidential or were subject to a confidentiality agreement, provision, or order at the time of disclosure shall be treated as confidential to the extent the producing party and/or the party making the initial disclosure designates such information "Confidential" during the course of the Litigation Matters. The dispute resolution procedures set forth in Paragraph 15 shall be utilized to the extent there is any dispute over the designation of any such documents or information as "Confidential."

21. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

22. The parties agree to be bound by the terms of this Protective Order pending the entry thereof, or an alternative thereto, that is satisfactory to all parties, to the extent modified and entered by the Court.

23. In the event anyone subject to the terms of this Protective Order shall violate or threaten to violate the terms of this Protective Order, the aggrieved Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order, and in the event that the aggrieved Party does so, the responding Party subject to the provisions of this Protective Order shall not employ as a defense thereto the claim that the aggrieved Party possesses an adequate remedy at law.

**IT IS SO ORDERED**

Signed this ___ day of May, 2008.

_____
Hon. Ruben Castillo
United States District Judge

LP 1635327.1 \ 34480-74686

**APPROVED AND AGREED TO:**

/s/ Lindsay Wilson Gowin  May 7, 2008
Peter V. Baugher  Date
Lindsay Wilson Gowin
SCHOPF & WEISS, LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606
(312) 701-9300
lgowin@sw.com

*Attorneys for Applicant*

/s/ Amy A. Pines  May 7, 2008
Kurt Stitcher  Date
Amy A. Pines
LEVENFELD PEARLSTEIN, LLC
2 North LaSalle Street, Suite 1300
Chicago, Illinois 60601
(312) 476-7597
kstitcher@lplegal.com

*Attorneys for Respondents*

LP 1635327.1 \ 34480-74686

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re Application of Holland Middle East Trading Ltd. to Obtain Discovery for Use in a Suit Pending in the Haarlem District Court of the Kingdom of the Netherlands | Case No. 08-CV-1344<br><br>Hon. Ruben Castillo<br><br>Magistrate Judge Martin C. Ashman |

### ACKNOWLEDGEMENT AND CONSENT TO BE BOUND

I, _____, hereby certify as follows:

1. I have read, in its entirety, the attached Stipulated Protective Order entered into by Applicant and Respondents.

2. I agree to be bound by the terms and conditions of the Protective Order and to submit to the personal jurisdiction of the United States District Court for the Northern District of Illinois and/or of the Haarlem District Court, Kingdom of the Netherlands, for all purposes related to the enforcement of the Protective Order and of this Acknowledgement and Consent to be Bound.

Dated this ____ day of _____, 200__.

_____
Signature

_____
Printed Name