**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re Application of Holland Middle East Trading Ltd. to Obtain Discovery for Use in a Suit Pending in the Haarlem District Court of the Kingdom of the Netherlands | ) ) ) ) ) ) | Case No. 08-CV-1344<br><br>Hon. Ruben Castillo<br><br>Magistrate Judge Martin C. Ashman |

### RESPONDENTS' MOTION FOR EXTENSION OF TIME

Pursuant to Federal Rules of Civil Procedure 26 and 37 and to Local Rule 37.2, Respondents Lee S. Hillman, Mark C. Minter, and Power Plate North America (collectively, "Respondents") respectfully request that the Court grant them ten additional business days to produce documents in conformity with their objections and responses to the document requests set forth in certain proposed subpoenas that HMET submitted as exhibits to its Application for Discovery (the "Subpoena Requests"). In support of this request, Respondents state as follows:

1.      At an April 29, 2008, hearing on HMET's "Amended Objections to Discovery Requests and Request for the Court's Assistance" ("HMET's Motion"), the Court ordered the parties to engage in a Rule 26 conference with respect to the Subpoena Requests, as HMET had, despite repeated requests from Respondents, failed to attend such a conference before it filed its motion.

2.      In compliance with the Court's directive, counsel for both parties met in person the following day. During this April 30 Rule 26 conference, HMET's counsel stated that Respondents could, at least in the short term, limit their production of materials to those documents responsive to "Exhibit C" to HMET's Motion and to Subpoena Request No. 2.

- 1 -

3.      HMET's counsel further stated that after Respondents had produced these materials, HMET's Dutch counsel would review them and determine "whether any further production was necessary."  HMET's counsel then confirmed this explicit agreement in a email dated that same day.

4.      In light of this explicit agreement, Respondents devoted themselves to reviewing and producing documents relevant to Exhibit C and to Subpoena Request No. 2.  On May 6th, however, before Respondents had produced any of these documents, HMET reneged on its agreement and requested that Respondents produce all documents responsive to all of the Subpoena Requests within the next seven business days.

5.      Because HMET had previously told Respondents that Respondents need not produce such documents, the parties had not discussed the remaining Subpoena Requests during their April 30 Rule 26 conference.  When HMET changed its mind and requested all documents within 7 days, Respondents sought another Rule 26 conference in order to obtain clarification of a number of HMET's remaining Subpoena Requests.

6.      The following day, May 7, the parties' counsel held a second Rule 26 conference. During this conference, HMET's counsel initially resisted providing any clarification, asserting that "It's not my job to provide search terms to you."  Subsequently, however, counsel acknowledged that she could not provide the requested clarification, because HMET's Dutch counsel had drafted the requests.  Thus, HMET's U.S. counsel agreed to seek clarification from HMET's Dutch counsel.

7.      When Respondents received the requested "clarification" via email, however, the purportedly revised requests were equally ambiguous and, in some cases, more broad than the original requests.  By way of example only, original Subpoena Request No. 8 had a time frame

restriction of July 2005 to the present.  The revised Request No. 8 actually <u>expanded</u> the time frame to September 2004 and sought documents exchanged among a broader range of persons.

8.    For the past week, Respondents have been diligently searching through an electronic database containing more than 270,000 pages of documents in order to identify those documents responsive to the remainder of HMET's Subpoena Requests.

9.    In fact, in a good faith effort to move discovery along, and in keeping with an earlier pledge to produce documents on a "rolling" basis, Respondents made separate productions to HMET on May 13 and 14.

10.    Although Respondents have made significant progress toward completing document production, the volume of documents – coupled with the broad scope and ever-changing nature of the requests – have made it impossible to produce all remaining documents within a period of seven business days, as HMET has demanded.

11.    In an effort to avoid consuming the Court's time with needless motion practice, Respondents' counsel called HMET's counsel on the morning of May 14 to request an extension of time to produce the remaining documents.  HMET's U.S. counsel agreed not to oppose a motion for an extension of time, pending approval by HMET's Dutch counsel.  Unfortunately, HMET's U.S. counsel later reported that HMET's Dutch counsel would not agree to any such extension of time.

12.    In light of the volume of documents at issue, HMET's change of heart regarding document production, and Respondents' continuing good faith efforts to produce documents on a rolling basis, Respondents respectfully request that the Court grant them an additional ten business days to complete their production of documents.

Dated:  May 14, 2008                    Respectfully submitted,


                                        By: /s/ Amy A. Pines_____

                                            Scott A. Meyers
                                            Kurt Stitcher
                                            David W. Porteous
                                            Amy A. Pines
                                            LEVENFELD PEARLSTEIN, LLC
                                            2 N. LaSalle St., Suite 1300
                                            Chicago, Illinois  60602
                                            Phone:  (312) 346-8380
                                            Facsimile:  (312) 346-8434
                                            kstitcher@lplegal.com

                                            *Attorneys for Respondents Lee Hillman,
                                            Mark Minter, and Power Plate North America*