IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re Application of Holland Middle East Trading Ltd. to Obtain Discovery for Use in a Suit Pending in the Haarlem District Court of the Kingdom of the Netherlands | Case No. 08-CV-1344<br><br>Hon. Ruben Castillo<br><br>Magistrate Judge Martin C. Ashman |

### RESPONDENTS' MOTION FOR ORDER TO SHOW CAUSE

Pursuant to Rules 37 and 45 of the Federal Rules of Civil Procedure, Respondents respectfully request that the Court enter an Order to Show Cause why Applicant Holland Middle East Trading Ltd. ("HMET") should not be held in contempt for its defiance of this Court's prior Orders that it produce witnesses for deposition.

The Court has twice ordered HMET to produce both a representative witness and its principals for deposition in this proceeding, most recently on June 11, 2008. In the face of these Orders, HMET has informed Respondents, in writing, that under no circumstances will it produce any witnesses for deposition, much less by the Court's deadline of July 11, 2008. This contempt of and for the Court's authority cannot stand.

Consequently, Respondents respectfully request that the Court enter an Order to Show Cause why HMET should not be held in contempt for defying the Court's prior Orders with regard to depositions, compelling HMET to produce its witnesses for deposition, and requiring HMET to pay the costs and fees Respondents incurred in filing this Motion. In the alternative, Respondents request an order directing HMET to pay to Respondents all of the costs Respondents have incurred in preparing their own witnesses for deposition, depositions that HMET repeatedly delayed and, ultimately, cancelled.

LP 1680989.3 \ \34480-74686

1

## **FACTUAL BACKGROUND**

### **The Court's First Order Compelling HMET Depositions[1]**

On April 3, 2008, this Court granted Respondents' alternative request for reciprocal discovery of HMET and its principals, including the deposition of an HMET "representative witness" under Rule 30(b)(6) and the depositions of HMET's two principals, Giezen and van Aspert. Docket Entry 23. Immediately following the April 3 hearing, and in compliance with the Court's directive, Respondents served upon HMET and its principals – via both Rule 45 subpoenas and Rule 30 notices –three Notices of Deposition (one for a corporate representative and one for each of HMET's principals).

At a status hearing on April 29, the Court temporarily suspended reciprocal discovery, until such time as the parties had agreed on deposition dates for Respondents' witnesses. Transcript of April 29, 2008, Hearing at 4:12-15. The Court also ordered the parties to "meet and confer" under the auspices of Rule 26, a meeting that Respondents had been seeking, and in which HMET had refused to participate, for nearly a month. 4/29/08 Transcript at 4:9-11.

### **Respondents' Efforts to Schedule its Witnesses for Deposition**

On April 30, the parties held their Rule 26 "meet and confer," at which Respondents offered, and HMET agreed to, May deposition dates for Respondents' witnesses. Over the course of the next several weeks, however, HMET repeatedly postponed Respondents' depositions. *See* Correspondence from HMET's Counsel, attached hereto as "Exhibit A."

On May 16, the parties appeared for a further status hearing before the Court. At that time, the Court set May 27 as the deadline for Respondents to complete their production of documents in this proceeding. Following the May 16 hearing, Respondents continued to produce

---

[1] In their "Motion to Obtain Reciprocal Discovery" (Docket Entry 25), Respondents set forth in detail the procedural history of this matter. In the interests of brevity, Respondents will not recount that history here and will, instead, focus on the Court's Orders that HMET produce witnesses for deposition.

documents and, in response to HMET's changing preferences regarding deposition dates, to provide additional dates for Respondents' depositions. On May 27, Respondents completed their production of documents, in accordance with the Court's directives.

On May 29, the parties appeared for a further status hearing, at which Respondents' counsel informed the Court that Respondents had completed their promised document production. When HMET's counsel attempted to contradict Respondent's counsel, the Court directed HMET to file any motion relating to document production by June 9, with a further status hearing on the matter to occur on June 11.

### Respondents' Motion to Obtain Reciprocal Discovery

Following the hearing, HMET's counsel informed Respondents' counsel that HMET would file a motion to compel and for sanctions if Respondents declined to extend their search for documents beyond U.S. borders. Rather than await the threatened motion, Respondents filed a Motion to Obtain Reciprocal Discovery on June 4, 2008. Docket Entry 39. In this motion, Respondents explicitly requested that the Court enter an order compelling HMET to produce documents in accordance with Respondents' Rule 34 requests and to produce the three witnesses for deposition in accordance with Respondents' Rule 30 notices and Rule 45 subpoenas.

At 4:54 p.m. on June 9 – the Court's deadline for filing motions related to Respondents' document production – HMET filed a "motion for contempt" against Respondents. Docket Entry 41. In essence, the motion sought an order compelling Respondents to collect documents from European Power Plate entities and argued that until Respondents did so, their document production was "incomplete." Respondents filed an Opposition the following day, June 10. Docket Entry 45.

### The Court's Second Order Compelling HMET Depositions

On June 11, the parties appeared before the Court on both motions. At that time, the Court *denied* HMET's motion for contempt and *granted* Respondents' Motion to Obtain Reciprocal Discovery. Docket Entry 48. By doing so, the Court implicitly found that by May 27, Respondents had fully complied with their discovery obligations under 28 U.S.C. §1782 and that Respondents were now entitled to obtain discovery – including the three subpoenaed depositions – from HMET.

HMET immediately challenged the Court's ruling, both orally in front of the Court, and through a mis-named "Motion to Continue Hearing" filed later that same day. Docket Entry 47. On June 16, the Court *denied* HMET's "motion to continue," thus reiterating both its finding that Respondents had produced all required documents and its Order that HMET produce its witnesses for deposition.

### HMET's Defiance of the Court's Order

In the interim, on June 11 and 12, Respondents' counsel had written to HMET's counsel in an effort to schedule the remaining discovery in this matter. (Copies of June 11 and 12, 2008, Letters from Kurt Stitcher to Peter V. Baugher attached hereto as "Exhibit B.") Among other things, Respondents' counsel requested that HMET's counsel provide dates for the depositions of an HMET representative witness and the two HMET principals by the Court's deadline of July 11, 2008.

On June 17, the day after the Court reaffirmed its Order that HMET produce witnesses for deposition, HMET's counsel answered Respondents' letters by stating that (a) HMET was foregoing any depositions of Respondents, and (b) HMET would not, despite the Court's two

prior Orders, produce any witnesses for deposition. (Copy of June 17, 2008, Letter from Lindsay Wilson Gowin to Kurt Stitcher attached hereto as "Exhibit C.")

On June 20, Respondent's counsel wrote to HMET's counsel, asking HMET to reconsider its defiance of this Court's lawful discovery orders. Among other things, counsel noted that HMET was not empowered unilaterally to alter the terms of this Court's Orders and that HMET's tactical decision not to depose Respondents' witnesses was irrelevant to both the desire and the right of Respondents to depose the HMET witnesses. Counsel further noted that because Respondents had produced all documents, and offered multiple deposition dates, well in advance of the June 18 "reply" date in the Dutch proceedings – as this Court confirmed on June 11 – Respondents would seek reimbursement of their costs in preparing their witnesses for deposition. (Copy of June 20, 2008, Letter from Kurt Stitcher to Lindsay Wilson Gowin attached hereto as "Exhibit D.")

On June 24, HMET responded, in writing, that (a) contrary to this Court's finding, "Power Plate has refused to comply with large portions of HMET's requests for documents," and (b) depositions were "too late and unlikely to be productive." (Copy of June 24, 2008, Letter from Lindsay Wilson Gowin to Kurt Stitcher, attached hereto as "Exhibit E.")

In light of the foregoing, Respondents have no choice but to ask this Court to issue an Order to Show Cause why HMET should not be held in contempt for its defiance of this Court's prior Orders regarding HMET depositions.

## ARGUMENT

I. **THE COURT IS AUTHORIZED TO FIND HMET IN CONTEMPT FOR HMET'S DEFIANCE OF THE COURT'S ORDERS.**

Respondents served deposition notices on HMET, its principals, and its U.S. counsel via both Rule 30 notices and Rule 45 subpoenas. Although HMET never objected to any of the notices or subpoenas, it has, to date, neither responded to them nor produced its witnesses for deposition, even in the face of two Court Orders that it do so. Under such circumstances, Rules 37 and 45 of the Federal Rules of Civil Procedure empower the Court to hold HMET in contempt. *See* Fed. R. Civ. P. 37(b)(1) & (2)(D) and 45(e). Specifically, Rule 37(b)(1) provides that if a deponent refuses to appear and answer questions at a deposition while under a Court order to do so, the Court may hold the deponent in contempt of court. *See* Fed. R. Civ. P. 37(b)(1). Likewise, Rule 37(b)(2)(D) authorizes the Court to hold a party or agent of a party in contempt if that entity or individual refuses to comply with any court order regarding discovery.[2] *See* Fed. R. Civ. P. 37(b)(2)(D).

Rule 45 also permits a finding of contempt whenever a subpoenaed party fails "without adequate excuse to obey [the] subpoena." *See* Fed. R. Civ. P. 45(e). Of course, HMET's transgression is more egregious here, because not only did HMET fail to comply with a lawful subpoena, but HMET failed to comply with this Court's *Orders* that it obey the subpoena. Under such circumstances, a finding of contempt is unquestionably authorized.

---

[2] Save with one exception not relevant here (physical or mental examinations under Rule 35).

II.  **HMET'S DEFIANCE OF THE COURT'S ORDERS WARRANTS A FINDING OF CONTEMPT.**

   A.  **The Court Unequivocally Ordered HMET To Submit To Depositions.**

On April 3, 2008, this Court granted Respondents the right to conduct depositions of HMET and its principals. On June 11, this Court confirmed that ruling and rejected HMET's arguments that Respondents' document production was "incomplete." Furthermore, by granting both Respondents' alternative relief on April 3 and their Motion to Obtain Reciprocal Discovery on June 11, this Court has specifically approved Respondents' request for three HMET depositions and the application of the Federal Rules of Civil Procedure to those depositions. The Court has also explicitly rejected HMET's attempts to overturn, or delay the enforcement of, this Court's unambiguous Orders in this regard.

   B.  **HMET Unequivocally Defied The Court's Orders On Depositions.**

As set forth in detail above, HMET has both contested and defied this Court's Orders with respect to the depositions of HMET witnesses. Not only has HMET flatly refused to produced its witnesses for deposition under any circumstances, but HMET has also attempted to excuse its defiance of the Court's Orders by citing Respondents' purportedly "incomplete" document production, a position at odds with this Court's implicit findings at the June 18 hearing.

In addition, HMET's claim that Respondents "delayed" document production until such time as depositions were "useless" finds no support in the record of this proceeding. Instead, the record shows that Respondents produced all necessary documents by the Court-ordered deadline of May 27, some *three weeks* in advance of HMET's June 18 "reply date" in the Dutch proceedings. The record also shows that Respondents made their witnesses available for

deposition on multiple dates prior to June 18 and that it was HMET that consistently postponed these dates.

Finally, HMET's tactical decision to cancel Respondents' depositions is wholly irrelevant to Respondents' desire – and to their right – to depose HMET's witnesses, in accordance with this Court's Orders. The fact that HMET has squandered its litigation funds in a misguided effort to obtain discovery in Europe through the "back door" of U.S.-based entities and individuals is of no consequence either to Respondents or to this Court's unambiguous Orders that HMET submit to FRCP-style depositions.

### C. The Court Should Sanction HMET For Its Contumacious Behavior.

A clearer case of contempt is difficult to imagine. 28 U.S.C. §1782, Supreme Court precedent and the Federal Rules of Civil Procedure all support the Court's Orders regarding reciprocal discovery, including depositions. HMET has flat-out defied these Orders. Both the Federal Rules and the applicable case law authorize a finding of contempt for such defiance. *See, e.g., Commodity Futures Trading Comm'n*, No. 07 C 3598, 2007 WL 2915647 at *9 (N.D. Ill. Oct. 4, 2007) (observing that a party may be held in civil contempt if it violates "an order that sets forth in specific detail an unequivocal command from the court" and ordering defendant to show cause why it should not be held in contempt and sanctioned for its failure to comply with court-ordered discovery). Consequently, Respondents respectfully request that the Court issue an Order to Show Cause why HMET should not be held in contempt, compelling HMET to produce its witnesses for deposition, and requiring HMET to pay Respondents' costs in filing this motion.[3]

---

[3] *See Wright v. Touhy*, No. 97 C 742, 2003 WL 22089434 at *7 (N.D. Ill. Sept. 9, 2003) (ordering plaintiff to pay defendants' costs in filing and arguing a motion to compel where plaintiff had refused to comply with the court's discovery orders).

LP 1680989.3 \ \34480-74686

Solely in the alternative, if the Court chooses not to hold HMET in contempt or to order HMET's witnesses to appear for deposition, Respondents respectfully request that the Court order HMET to pay to Respondents all of the costs Respondents incurred in preparing their witnesses for deposition. Such a sanction is more than justified, because it was HMET's demand for depositions that imposed the preparation costs on Respondents, and it was HMET's tactical decision to cancel those depositions that, in hindsight, rendered those costs wholly unnecessary. If the Court grants this alternative relief, Respondents will submit an accounting of the substantial expense they incurred to prepare their witnesses for deposition by HMET.

## CONCLUSION

The Court ordered HMET to submit to depositions. HMET refused. Consequently, Respondents respectfully request that the Court enter an Order to Show Cause why HMET should not be held in contempt and compelling HMET to produce its witnesses for deposition. In the alternative, Respondents request an Order requiring HMET to pay to Respondents all of their deposition preparation costs, which, courtesy of HMET's cancellation of Respondents' depositions, were unnecessarily imposed.

Respectfully submitted,

Date: June 27, 2008

By: /s/ Kurt Stitcher
Kurt Stitcher
David W. Porteous
Amy A. Pines
LEVENFELD PEARLSTEIN, LLC
2 N. LaSalle St., Suite 1300
Chicago, Illinois 60602
Phone: (312) 346-8380
Facsimile: (312) 346-8434
kstitcher@lplegal.com

*Attorneys for Respondents Lee S. Hillman,
Mark C. Minter, and Power Plate North America*