# EXHIBIT B

 LEVENFELD
PEARLSTEIN, LLC

2 North LaSalle Street, Suite 1300
Chicago, Illinois 60602
312.346.8380
Fax: 312.346.8434
www.lplegal.com

Kurt Stitcher
(312) 476-7597
kstitcher@lplegal.com

<u>VIA U.S. MAIL and E-MAIL</u>

June 11, 2008

Peter V. Baugher, Esq.
Schopf & Weiss, LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606

Re:     PPI/HMET Reciprocal Discovery

Dear Peter,

In keeping with the Court's order of today, we would like to wrap up scheduling issues in this proceeding. First, we need to know **by close of business today** whether HMET intends to take the depositions of Lee Hillman and/or Mark Minter. As you know, HMET had previously cancelled Mr. Hillman's deposition, then sent us a "clarifying" email suggesting that a postponement, not a cancellation, was intended. Because we may need to coordinate the attendance of other counsel at any deposition of these gentlemen, we need to know now whether HMET intends to proceed. If we do not hear back from you by the close of business today, we will release Mr. Minter from the current June 20 deposition date, subject, as necessary, to rescheduling at a later, mutually convenient date.

Second, in light of the Court's order that HMET produce all responsive documents by Friday, July 11, we need deposition dates for an HMET representative and for the two HMET principals (Giezen and van Aspert) during the last two weeks in July or, if necessary, the first week in August. We want to get these depositions completed before the August "holidays" begin in Europe.

Please provide the requested information as soon as possible. In the meantime, if you have any questions about the foregoing, please do not hesitate to call me. We appreciate your anticipated cooperation with respect to these matters.

Sincerely,

Kurt Stitcher

cc:     Lindsay Wilson Gowin, Esq.



LEVENFELD
PEARLSTEIN, LLC

2 North LaSalle Street, Suite 1300
Chicago, Illinois 60602
312.346.8380
Fax: 312.346.8434
www.lplegal.com

Kurt Stitcher
(312) 476-7597
kstitcher@lplegal.com

<u>VIA U.S. MAIL and E-MAIL</u>

June 12, 2008

Peter V. Baugher, Esq.
Schopf & Weiss, LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois  60606

     Re:    **PPI/HMET Reciprocal Discovery**

Dear Peter,

By letter dated June 11, 2008, we requested that you inform us by the close of business yesterday whether HMET intended to proceed with the deposition of Mark Minter, previously scheduled for June 20, 2008. You did not respond to the letter, either to confirm the deposition or to request more time in which to respond. As such, we are withdrawing June 20 as an available date for Mr. Minter's deposition.

At this point, due to the lack of any communication from HMET on the subject, we will make no assumptions about whether you ever intend to depose Messrs. Hillman and Minter. We will tell you, however, that if you choose to depose either gentleman, you will need to work with us on mutually agreeable dates sufficiently far in advance that we can make the appropriate arrangements with the deponents and with other counsel. In the case of Mr. Minter, for example, Dutch counsel intended to attend the deposition, which requires sufficient advance notice to allow Dutch counsel to clear his schedule in the Netherlands and to book travel arrangements without imposing undue costs on the client for last-minute reservations.

Finally, in reviewing the Court's written June 11 Order, we notice that Judge Castillo has ordered HMET to comply with <u>all</u> reciprocal discovery requests within the next 30 days. That Order has two implications of importance to our scheduling efforts. First, the literal terms of the Order require that HMET produce its documents <u>and</u> its witnesses by July 11, as Respondent's motion addressed both types of discovery. Thus, we need deposition dates for Mr. Giezen and Ms. van Aspert that fall on or before July 11, along with a prior document production that will give us sufficient time to prepare for the depositions. Alternatively, HMET can work with us to agree on dates after July 11. Both alternatives will require you to communicate with us.

Second, because Respondents specifically requested in their motion that HMET produce its witnesses for deposition <u>before</u> Respondents produced theirs, the Court's Order granting that motion means, literally, that HMET must produce for deposition a representative witness and its

Peter V. Baugher, Esq.
June 12, 2008
Page 2

two principals before Respondents produce for deposition either Mr. Hillman or Mr. Minter (assuming, of course, that HMET still intends to take their depositions). We would suggest a conference call to make the necessary arrangements for these depositions.

We appreciate your kind attention to these matters.

Sincerely,

Kurt Stitcher

cc:    Lindsay Wilson Gowin, Esq.

LP 1668388.1 \ \ \ \34480-74686