IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re Application of Holland Middle East Trading Ltd. | ) ) | No. 08 CV 1344 |
| to Obtain Discovery For Use in a Suit Pending in the | ) ) | Hon. Ruben Castillo |
| Haarlem District Court of the Kingdom of the Netherlands. | ) ) ) | Magistrate Judge Martin C. Ashman |

**HOLLAND MIDDLE EAST TRADING LTD.'S
RESPONSE TO MOTION FOR ORDER TO SHOW CAUSE**

Applicant Holland Middle East Trading Ltd. ("HMET"), by its attorneys, responds to Respondents' motion for an order to show cause why HMET should not be held in contempt (Docket #51). The motion should be denied (1) because the depositions that Respondents wish to "reciprocate" never took place, and (2) because Respondents failed to produce whole categories of the documents sought from them.

**I.   NO DEPOSITIONS TOOK PLACE, SO RESPONDENTS ARE NOT ENTITLED TO "RECIPROCAL" DEPOSITIONS.**

Respondents are not entitled to "reciprocal" depositions because HMET did not take any depositions. HMET did not take the depositions of Mark Minter (president, chief operating officer and a director of Power Plate International) or Lee Hillman (also a director of Power Plate International) because Respondents delayed and then withheld production of the major categories of documents requested by HMET. Dutch lawsuits focus on written pleadings and documents in contrast to oral testimony, which is viewed as less important. HMET had planned to question Respondents on their documents. But by holding back production of their requested files accessible from within this district, Respondents frustrated the primary purpose of deposing them. In the meantime, HMET filed its response with the Dutch court to meet the extended date of June 18.

182792_1.doc

If and when Respondents complete their document production in compliance with both case law and common sense, depositions may be useful. Until that event occurs, they are not. Respondents' own actions caused the cancellation of the Power Plate depositions, so there is nothing to reciprocate and certainly no basis for any award of fees against HMET.

Even had Mssrs. Minter and Hillman been deposed, Respondents would still not be entitled to depositions. In its motion for a protective order, HMET offered to make HMET and its principals available for witness hearings before the Dutch court. The Court sustained the motion (April 29, 2008 - Docket Entry #31).

HMET's motion has now been overtaken and mooted by subsequent events. However, Respondents Minter and Hillman are still free to request a witness hearing before the Dutch court to satisfy any testimonial needs they have for their defense. HMET and its principals remain willing to appear for witness hearings in the Netherlands at a time convenient for the parties and the court.

## II.     RESPONDENTS HAVE NOT YET PRODUCED THEIR DOCUMENTS.

Respondents' motion is premised on a misstatement: the assertion that they have produced all of their documents. On the contrary, by their own admission, they have <u>not</u> produced all of the documents that Respondents access and use from their offices in Northbrook. Simply because records are not printed out and placed in a file cabinet does not mean those records are located elsewhere—let alone outside the district or in Europe.

Documents accessed solely by electronic means are not physically present in any one location, but rather are present wherever they are accessed and used. The Supreme Court's *Intel* decision extends the reach of § 1782 to material "<u>available</u> in the United States." *Intel Corp. v. Adv. Micro Devices, Inc.*, 542 U.S. 241, 264 (2004) (emphasis added); s*ee also Houlihan Lokey Howard & Zukin Capital, Inc. v. Protective Group, Inc.*, 2005 WL 3367044 *5

(S.D.N.Y. Dec. 12, 2005) (physical location of computer servers is irrelevant for transfer determination because the documents were stored electronically and could be "accessed from anywhere").

Mark Minter of Chicago is president and chief operating officer of Power Plate International, and both he and Lee Hillman of Glencoe are directors of Power Plate International. *See* Organizational Chart (attached as Exhibit A) and Power Plate press releases (attached as Exhibit B). Despite Mssrs. Minter and Hillman's undenied access within this district to Power Plate International's information, their production fails to include whole categories of documents that almost certainly are within a company directors' control. For example:

- No financial statements of any kind
- No board minutes, meeting invitations or meeting materials
- No marketing or sales presentations
- No documents pertaining to personal or corporate assets from which HMET can collect any judgment against Power Plate awarded in the Netherlands
- Power Plate produced one weekly sales forecast for the week of December 1, 2006, but no other weekly sales forecasts dating before or after
- No signed escrow agreement from J.H. Whitney's acquisition of Power Plate B.V.
- No due diligence report related to J.H. Whitney's acquisition of Power Plate B.V.
- No e-mails to or from Mark Minter about potential sales of Power Plate machines into Morocco
- Only 10 lines of text pertaining to Harrods Department Store's sales of Power Plate machines into HMET's territory
- No internal Power Plate e-mails about Harrods Department Store's sales of Power Plate machines into HMET's territory
- Only 10 pages of sales figures for the 12 countries within HMET's territory over a four–year period

- No Power Point presentation on Middle East sales potential shown at December 2006 meeting with Al Kamda, the distributor that replaced HMET

These documents, among others, are central to proving HMET's contract and damage claims in the Dutch litigation. None of them have been produced.

Respondents' privilege log further demonstrates that readily available, responsive documents have been withheld by Power Plate. *See* HMET's Motion for Contempt and Attorneys' Fees (June 9, 2008 - Docket #41), at 5-8. Documents held back as privileged included, for example, e-mails to Mr. Hillman attaching cash flow forecasts. The privilege log lists no attorney involved with the communication, thus giving no basis for privilege. Respondents have stated that no such documents exist, but the documents have been provided to their Chicago attorneys and erroneously placed on their privilege log.

These examples and more appear just on the first page of Respondents' privilege log, without any indication of the bases for claims of privilege (attached as Exhibit C at entries 2, 10, and 13-16). Other examples include e-mails written by Frans Giezen, HMET's principal; documents surrounding J.H. Whitney's acquisition of Power Plate; and correspondence regarding insurance policies. The privilege log conclusively shows that (1) Respondents received detailed financial information that they have failed to produce; (2) the documents are located within the district at the office of their counsel; and (3) Respondents have asserted privilege inappropriately in order to withhold these documents.

**CONCLUSION**

Respondents, having not produced the documents on which they were to be examined, have not been deposed. Therefore there are no depositions to reciprocate. Under these circumstances, and in accordance with this Court's April 29 ruling, HMET cannot properly be required to produce witnesses for depositions. Respondents' motion should be denied.

Dated: July 14, 2008				Respectfully submitted,

						By: /s/Lindsay Wilson Gowin
						    One of the Attorneys for Applicant Holland
						    Middle East Trading Ltd.

Peter V. Baugher
Lindsay Wilson Gowin
SCHOPF & WEISS LLP
One South Wacker Drive, 28th Floor
Chicago, IL 60606
Telephone: 312.701.9300
Facsimile: 312.701.9335
E-mail: lgowin@sw.com

## **CERTIFICATE OF SERVICE**

I, Lindsay Wilson Gowin, an attorney, hereby certify that a copy of the attached Holland Middle East Trading Ltd.'s Response to Motion for Order to Show Cause was filed electronically with the Clerk of the Court using the CM/ECF system on this 14th day of July, 2008, which will automatically send e-mail notifications of such filing to counsel below and those counsel enrolled in the system:

>Scott A. Meyers
>Kurt Stitcher
>David W. Porteous
>Amy A. Pines
>Levenfeld Pearlstein, LLC
>2 North LaSalle Street, Suite 1300
>Chicago, Illinois 60602
>Facsimile: 312.346.8434

>/s/Lindsay Wilson Gowin
>Lindsay Wilson Gowin