IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re Application of Holland Middle East Trading Ltd. to Obtain Discovery for Use in a Suit Pending in the Haarlem District Court of the Kingdom of the Netherlands | ) ) ) ) ) ) | Case No. 08-CV-1344<br><br>Hon. Ruben Castillo<br><br>Magistrate Judge Martin C. Ashman |

**REPLY IN SUPPORT OF
RESPONDENTS' MOTION FOR ORDER TO SHOW CAUSE**

HMET's opposition to Respondents' Motion for Order to Show Cause demonstrates convincingly why the Court should grant the motion. Despite repeated Court Orders *granting* Respondents' requests to depose HMET and its principals and *denying* HMET's efforts to stymie these Orders, HMET continues to reject this Court's findings and to defy this Court's authority. Such contumacious behavior cries out for an appropriate sanction.

**FACTUAL BACKGROUND**

**The Court's Orders Compelling HMET Depositions**

On April 3, 2008, this Court granted Respondents' request for reciprocal discovery of HMET and its principals, including the deposition of an HMET "representative witness" under Rule 30(b)(6) and the depositions of HMET's two principals, Giezen and van Aspert, under Rules 30 and 45. Docket Entry 23.

On June 4, after fulfilling their own discovery obligations, Respondents filed a Motion to Obtain Reciprocal Discovery, which sought to enforce the Court's April 3 Order. Docket Entry 39. In this motion, Respondents explicitly requested that the Court enter an order compelling HMET to produce three witnesses for deposition in accordance with Respondents' previously served Rule 30 notices and Rule 45 subpoenas, *i.e.*, under the Federal Rules of Civil Procedure.

On June 9, HMET filed a "motion for contempt" against Respondents. Docket Entry 41. In it, HMET sought an order compelling Respondents to collect documents from European Power Plate entities and argued that until Respondents did so, their document production was "incomplete." Respondents filed an Opposition the following day, June 10. Docket Entry 45.

On June 11, the Court *denied* HMET's motion for contempt and *granted* Respondents' Motion to Obtain Reciprocal Discovery. Docket Entry 48. By doing so, the Court implicitly found that Respondents had fully complied with their discovery obligations under 28 U.S.C. §1782 and that Respondents were now entitled to obtain discovery – including the three subpoenaed depositions – from HMET.

That same day, HMET filed a "Motion to Continue Hearing," which asked the Court to reconsider its two rulings of June 11. Docket Entry 47. On June 16, the Court *denied* HMET's motion for reconsideration, thus reiterating both its finding that Respondents had produced all required documents and its Order that HMET produce its witnesses for deposition.

### HMET's Defiance of the Court's Orders

Despite these unequivocal Court orders, HMET has refused to produce its witnesses for deposition and has persisted in quarreling with the Court's findings. Indeed, in its Response, HMET acts as though this Court had never ruled on these very issues. For example:

- On page 1, HMET states that "Respondents are not entitled to 'reciprocal' depositions" and that Respondents "withheld production of . . . major categories of documents." Both of these assertions flatly contradict this Court's prior orders regarding HMET witness depositions and its findings with regard to Respondents' document production.

- On page 2, HMET states that depositions will not be useful, until "Respondents complete their document production in compliance with both *case law and common sense*." The implication of this assertion is that this Court's findings and Orders find no support in the case law and lack "common sense," an assertion both erroneous and inexcusably disrespectful of this Court's authority.

- Also on page 2, in support of its assertion that "case law" requires the production of Power Plate documents located in Europe, HMET cites *Houlihan Lokey Howard & Zukin Capital, Inc. v. Protective Group, Inc.*, 2005 WL 3367044 at *5 (S.D.N.Y. Dec. 12, 2005), a case that is not only ***wholly irrelevant*** to any issue ever before this Court,[1] but one that this Court ***already rejected*** when the Court ***denied*** HMET's "Motion for Contempt," which sought to force such production.

- On page 4, in support of a claim that Respondents are withholding documents contained on their privilege log, HMET once again cites its own "Motion for Contempt," which this Court has already unequivocally ***denied***.

- Finally, on page 5, HMET pounds the final nail into its own coffin when it avers that "HMET cannot properly be required to produce witnesses for depositions." ***But that's exactly what this Court ordered HMET to do***. HMET's defiance of this Court's authority could hardly be more stark.

## ARGUMENT

Nowhere in its Response does HMET contest either the law or the facts that Respondents cite in support of their Motion for Order to Show Cause. Instead, HMET merely asserts that because it has chosen not to conduct depositions of Respondents, Respondents cannot take depositions of HMET's witnesses. ***This is a defiance of this Court's two prior Orders*** authorizing Respondents to do just that. Nowhere did the Court ever condition the depositions of HMET's witnesses on HMET's completion of Respondents' depositions. Nor does HMET cite any case law that would support its flouting of this Court's authority.

HMET also attempts to justify its rejection of the Court's Orders by arguing, for the third time and without foundation, that Respondents' document production is "incomplete," in accordance with "case law and common sense." ***This argument flatly contradicts this Court's two prior Orders*** as to that production. And, once again, HMET does not cite a single relevant case to bolster its continued defiance of lawful Court Orders.

---

[1] HMET cited *Houlihan* in its "motion for contempt." In their Opposition, Respondents demonstrated the irrelevance of the case. *See* Respondents' Memorandum in Opposition to HMET's "Motion for Contempt and Attorney's Fees" at 4. In ***denying*** HMET's motion, the Court implicitly, and properly, rejected HMET's attempts to rely on this inapposite, unreported, New York case.

Both the Federal Rules and the applicable case law authorize a finding of contempt for the defiance and disrespect that HMET has accorded this Court and these proceedings. *See, e.g., Commodity Futures Trading Comm'n*, No. 07 C 3598, 2007 WL 2915647 at *9 (N.D. Ill. Oct. 4, 2007) (observing that a party may be held in civil contempt if it violates "an order that sets forth in specific detail an unequivocal command from the court" and ordering defendant to show cause why it should not be held in contempt and sanctioned for its failure to comply with court-ordered discovery). Consequently, Respondents respectfully request that the Court issue an Order to Show Cause why HMET should not be held in contempt, compelling HMET to produce its witnesses for deposition, and requiring HMET to pay Respondents' costs in filing this motion.[2] Solely in the alternative, if the Court chooses not to hold HMET in contempt or to order HMET's witnesses to appear for deposition, Respondents respectfully request that the Court order HMET to pay to Respondents all of the costs Respondents incurred in preparing their witnesses for deposition.

Respectfully submitted,

Date: July 15, 2008

By: /s/ Kurt Stitcher
Kurt Stitcher
David W. Porteous
Amy A. Pines
LEVENFELD PEARLSTEIN, LLC
2 N. LaSalle St., Suite 1300
Chicago, Illinois  60602
Phone:  (312) 346-8380
Facsimile:  (312) 346-8434
kstitcher@lplegal.com

*Attorneys for Respondents Lee S. Hillman, Mark C. Minter, and Power Plate North America*

---

[2] *See Wright v. Touhy*, No. 97 C 742, 2003 WL 22089434 at *7 (N.D. Ill. Sept. 9, 2003) (ordering plaintiff to pay defendants' costs in filing and arguing a motion to compel where plaintiff had refused to comply with the court's discovery orders).

## CERTIFICATE OF SERVICE

I, Kurt Stitcher, an attorney, hereby certify that on July 15, 2008, I caused a copy of the foregoing Reply in Support of Respondents' Motion for Order to Show Cause to be filed electronically with the Clerk of the Court using the CM/ECF system, which will automatically send email notifications of such filing to the following attorneys: Peter V. Baugher and Lindsay Wilson Gowin of Schopf & Weiss LLP, One South Wacker Drive, 28th Floor, Chicago, Illinois, 60606.

By: /s/ Kurt Stitcher

LEVENFELD PEARLSTEIN, LLC
2 N. LaSalle St., Suite 1300
Chicago, Illinois  60602
Phone:  (312) 344-8380
Facsimile:  (312) 346-8434
kstitcher@lplegal.com

*Attorney for Respondents Lee Hillman,
Mark Minter, and Power Plate North America*