IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| In re Application of Holland Middle East Trading Ltd. to Obtain Discovery for Use in a Suit Pending in the Haarlem District Court of the Kingdom of the Netherlands | Case No. 08-CV-1344<br><br>Hon. Ruben Castillo<br><br>Magistrate Judge Martin C. Ashman |

**RESPONDENTS' MOTION TO COMPEL**

Pursuant to Rules 34(b) and 37(a) of the Federal Rules of Civil Procedure, Respondents respectfully request that the Court compel Applicant Holland Middle East Trading Ltd. ("HMET") to produce documents responsive to Respondents' (First) Request for the Production of Documents (attached as Exhibit A) (the "Request") consistent with Federal Rules 26 and 34. Although the Court previously ordered HMET to produce all responsive documents in this case, HMET has deliberately disregarded the Court's instruction and instead limited its production to only those documents that it voluntarily self-selected and produced in the Dutch proceedings *in support of its claims and defenses*. Such a limited and self-serving production -- which is the equivalent of HMET's producing only its trial exhibits -- unquestionably violates the applicable Federal Rules of Civil Procedure as well as this Court's orders, and is thus inherently sanctionable. In further support of this Motion, Respondents state as follows:

1.   As set forth in its Order of June 11, 2008, the Court recognized that by May 27, 2008, Respondents had fully complied with their discovery obligations under 28 U.S.C. § 1782, and that Respondents were now entitled to obtain discovery including depositions and document production from HMET. (Docket Entry 53) The Court ordered HMET, *inter alia,* to produce by July 11, 2008, documents responsive to Respondents' Request consistent with the Federal Rules of Civil Procedure. In defiance of that Order, HMET has refused to produce witnesses for

deposition (which is the subject of a separate pending motion), and has now refused to produce documents consistent with its obligations under the Federal Rules of Civil Procedure.

2. The following facts are undisputed with regard to HMET's document production in this proceeding:

- HMET has deliberately limited its document production in the U.S. to only those documents that it voluntarily selected and attached as exhibits in support of its pleadings in the Dutch proceeding.

- HMET unilaterally selected each of these exhibits in the Dutch proceeding solely to support and advance its positions, claims, and defenses in that case. HMET's document selection was not the result of any compulsory or adversarial discovery process, and HMET was not under any obligation to produce documents that were unhelpful, incriminating or that otherwise belied its claims and defenses.

- HMET has refused to produce any other documents responsive to Respondents' Requests.

HMET's self-serving document production brazenly violates its obligations under the Federal Rules of Civil Procedure thereby necessitating the Court's intervention once again.

3. Although HMET produced documents to Respondents on July 11, HMET made clear that these documents, responsive or not, are *identical* to those that it attached as exhibits to its HMET's "Reply to the Statement of Defense in Principal Action and Statement of Defense in the Cross Action," filed with the Court of Haarlem, Kingdom of the Netherlands on June 18, 2008, ("HMET's Reply Brief"). See July 20, 2008 email counsel for HMET in the Netherlands, Marielle Koppenol-Laforce, attached as Exhibit B.[1]

4. Selected exhibits to HMET's Reply Brief cannot possibly constitute a proper document production within the meaning of Federal Rule 34. HMET's Reply Brief is nothing

---

[1] HMET also made a production to Respondents on April 25, 2008. Dutch counsel for Respondents confirmed that the documents produced to Respondents on April 25, 2008 were also part of an exhibit to HMET's Reply Brief. (*See* copy of July 24, 2008 email from Laurens Prins to Amy Pines, attached as Exhibit C.) Accordingly, the entirety of HMET's production to date comes from cherry-picked trial exhibits supportive of HMET's case.

LP  1712153.2 \ 34480-74686

2

more than a responsive pleading supporting HMET's initial complaint, disputing Respondents' defenses and cross actions, and attaching documents that HMET specifically selected to support its positions. Indeed, included among the exhibits to HMET's Reply Brief are many of the documents that HMET obtained from Respondents in this proceeding. Further, in reproducing exhibits from its Reply Brief to Respondents on July 11, 2008, HMET failed both to (i) provide the documents as they were kept in the usual course of business, or (ii) organize and label the documents to correspond to the categories in Respondents' Request, as is required by the Fed. R. Civ. P. 34(b)(2)(E)(i). Thus, the selected exhibits to the Reply Brief (duplicated as HMET's production to Respondents) do not constitute a legitimate or complete document production consistent with the Federal Rules of Civil Procedure.

5. Under Rule 34, HMET has an obligation to undertake a complete and accurate search for the information Respondents requested, and to produce ALL responsive documents – not just those that support its case. "Parties are required to respond to requests to produce in a complete and accurate fashion. This in turn requires that parties take reasonable steps to ensure that their responses to requests to produce are complete and accurate." *Fautek v. Montgomery Ward & Co., Inc.*, 96 F.R.D. 141 (N.D.Ill. 1982). Here, HMET's production is neither complete nor accurate. Instead of searching sources reasonably likely to contain documents responsive to a particular request, HMET looked no further than its own trial exhibits. Such selective methods for reviewing and producing documents are sanctionable. *See In re Victor Int'l Inc.*, 97 Fed. Appx. 365 (3rd Cir. 2004) (imposing sanctions on party for defying court orders related to production of documents and for producing only select documents).

6. Respondents have been significantly disadvantaged by HMET's failure to comply with the Court's June 11th Order directing HMET to provide reciprocal discovery. Respondents

have already cooperated in discovery and, as the Court found in its June 11th Order, completed its production -- without consideration of whether the documents benefited Respondents' case. In contrast, HMET has refused to produce witnesses for deposition and has produced only self-serving documents as it sees fit.  And it has done so while enjoying the fruits of Respondents' document production by attaching such documents to its Reply Brief.  Such unfairness cannot stand.

7. Finally, on July 24, 2008, consistent with Fed. R. Civ. P. 37(a) and Local Rule 37.2, Respondents contacted HMET's U.S. counsel to explain the deficiencies underlying HMET's document production and to try and resolve how HMET could cure its defective production.  HMET's counsel emphatically stated that no additional documents would be produced.[2]  Despite Respondents good faith efforts to address HMET's defective production, therefore, HMET has refused to resolve the issues presented in this motion.

WHEREFORE, for all of the reasons set forth above, Respondents respectfully request that this Court enter an Order:

(A) Compelling HMET to conduct a review for and produce all documents responsive to Respondents' First Request for the Production of Documents consistent with its obligations under the Federal Rules of Civil Procedure, including by producing documents either as they are kept in the ordinary course labeled to correspond to the categories in Respondents' Request;

---

[2] Prior to the July 24, 2008 conversation, Respondents repeatedly sought to confer with HMET regarding its document production and to address its objections identified in its Responses and Objections.  For example, on April 20, 2008, HMET's counsel and Respondents' counsel met, in person, for its first Rule 26 conference.  At this time, HMET's counsel refused to discuss any issues related to its production of documents to Respondents. Additionally, on June 11, 12, and 20, 2008, Respondents' counsel sent letters to HMET's counsel regarding (among other topics) its document production, but HMET refused to engage in any further discussion regarding its document production.

    (B)    Requiring HMET's U.S. counsel to certify, once it has completed its review and production, that HMET undertook a thorough review for documents consistent with its obligations under the Federal Rules of Civil Procedure; and

    (C)    Granting any such other and further relief as the Court deems just.

                  Respectfully submitted,

Date: July 25, 2008                By: /s/ David W. Porteous
                                  Kurt Stitcher
                                  David W. Porteous
                                  Amy A. Pines
                                  LEVENFELD PEARLSTEIN, LLC
                                  2 N. LaSalle St., Suite 1300
                                  Chicago, Illinois  60602
                                  Phone:  (312) 346-8380
                                  Facsimile:  (312) 346-8434
                                  dporteous@lplegal.com

                                  *Attorneys for Respondents Lee S. Hillman,*
                                  *Mark C. Minter, and Power Plate North America*