IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re Application of Holland Middle East Trading Ltd. | ) ) | No. 08 CV 1344 |
| to Obtain Discovery For Use in a Suit Pending in the | ) ) | Hon. Ruben Castillo |
| Haarlem District Court of the Kingdom of the Netherlands. | ) ) | Magistrate Judge Martin C. Ashman |

**HOLLAND MIDDLE EAST TRADING LTD.'S
RESPONSE TO MOTION FOR ORDER TO SHOW CAUSE**

  Applicant Holland Middle East Trading Ltd. ("HMET"), by its attorneys, responds to Respondents' motion to compel (Docket #58). Two essential errors of fact undermine their motion to compel. First, contrary to Respondents' assertions, HMET has searched its records and produced its responsive documents. Second, HMET's production is not comprised of "cherry-picked" documents, and it produced documents beyond those provided on July 11. HMET has fulfilled its discovery obligations in comportment with this Court's protective order of April 29 (Docket #31), and thus Respondents' motion should be denied.

### HMET's Document Production

  Unlike Respondents' documents, HMET's documents are located and accessible solely in the Netherlands. They are subject to the Dutch court's jurisdiction, and many of them are written in Dutch rather than English. HMET's Dutch counsel has handled the collection of documents in response to Respondents' request. HMET searched its electronic and paper files for documents responsive to the document requests. HMET's documents have been produced, either in the Dutch proceedings or directly to Respondents' U.S. counsel. As the Dutch court's decisions have noted, HMET's claims are strong, and their documents reflect that. The

183489_1.doc

supportive nature of the documents is not a product of "cherry-picking," but rather a reflection of how the facts substantiate HMET's lawsuit.

Respondents contend that HMET's production is entirely comprised of documents submitted to the Dutch court last month. This is untrue. HMET has produced documents on three separate occasions: (1) during the preliminary proceedings before the Dutch court (described in Exhibit 1 to HMET's Amended Objections - Docket #27); (2) on April 25, prior to this Court's stay of Respondents' discovery efforts; and (3) on July 11, following the extensive submission of documents to the Dutch court. Respondents have also characterized HMET's production as "the equivalent of HMET's producing only its trial exhibits." In fact, the scope of documents submitted in conjunction with the Dutch proceeding is much broader than the American equivalent of trial exhibits or even summary judgment exhibits. All documentary evidence is submitted in conjunction with heavily-annotated position statements to be evaluated by the court.

HMET objected to Respondents' discovery requests on a variety of grounds, most of which related to Respondents' frequently burdensome or intrusive requests. *See* Docket #27. Along with its objections, HMET stated that it would produce nine categories of documents in addition to those already produced in the Dutch court. This Court granted a protective order which sustained those objections. *See* Docket #31.

### **HMET's Specific Responses to Respondents' Requests**

HMET has fulfilled its promise to produce its documents, and it has done so both on time and completely. In accordance with the narrowing effects of the protective order, HMET has produced the following types of documents:

**Request No. 1:**

- Business licenses
- Certificates of good standing

**Request No. 2:**  This Court sustained HMET's objection to this request.

**Request No. 3:**

- Letters of intent
- Licensing agreements
- Rebate agreements
- Correspondence between HMET and Power Plate employees
- Draft contract between Power Plate International U.K. and HMET

**Request No. 4:**

- E-mails
- Invoices
- Dutch certificate of origin

**Request No. 5:**

- E-mails between Power Plate and HMET discussing the appointment of subdistributors
- Agreement with HSBC
- Correspondence with potential subdistributors

**Request No. 6:**

- Screenshots of www.hollandenterprisesgroup.com
- Sales leads send by Power Plate to HMET
- E-mails between Power Plate and HMET

**Request No. 7:**

- E-mails pertaining to Madonna
- E-mails pertaining to Virgin Atlantic

**Request No. 8:**  This request is cumulative of the other document requests.

**Request No. 9:**  This Court sustained HMET's objection to this request.

**Request No. 10:**

- Invoices for marketing expenses
- E-mails pertaining to sales projections
- Yearly accounts for 2004-2006
- Costs of refurbishing Power Plate Center
- Inventory costs from Power Plate Center
- Report of expert witness on damages
- Audit certificates for 2005 and 2006
- Import and export documents
- Sales invoices

**Request No. 11:**

- Invoices for marketing expenses
- E-mails pertaining to sales projections
- Yearly accounts for 2004-2006
- Inventory costs from Power Plate Center
- Report of expert witness on damages
- Marketing activities, articles and press releases initiated by HMET

As summarized above, HMET has produced thousands of documents. Respondents, on the other hand, have failed to produce all of the relevant documents available to them within this Court's judicial district.  *See* HMET's Motion for Contempt (Docket #41) and HMET's Response to Motion for Order to Show Cause, at 2-4 (Docket #54).  They have also withheld obviously responsive documents on their privilege log without providing a basis on which privilege can be claimed.  HMET has complied with this Court's orders; Respondents cannot say the same.

## CONCLUSION

HMET has produced its relevant documents in accordance with this Court's April 29 protective order.  Despite Respondents' failure to fulfill its own discovery responsibilities, HMET has promptly complied with Respondents' discovery requests.  Therefore, Respondents' motion to compel should be denied.

Dated: July 28, 2008                                  Respectfully submitted,

                                                           By: /s/Lindsay Wilson Gowin
                                                              One of the Attorneys for Applicant Holland Middle East Trading Ltd.

Peter V. Baugher
Lindsay Wilson Gowin
SCHOPF & WEISS LLP
One South Wacker Drive, 28th Floor
Chicago, IL 60606
Telephone: 312.701.9300
Facsimile:  312.701.9335
E-mail:  lgowin@sw.com

**CERTIFICATE OF SERVICE**

      I, Lindsay Wilson Gowin, an attorney, hereby certify that a copy of the attached Holland Middle East Trading Ltd.'s Response to Motion to Compel was filed electronically with the Clerk of the Court using the CM/ECF system on this 28th day of July, 2008, which will automatically send e-mail notifications of such filing to counsel below and those counsel enrolled in the system:

              Scott A. Meyers
              Kurt Stitcher
              David W. Porteous
              Amy A. Pines
              Levenfeld Pearlstein, LLC
              2 North LaSalle Street, Suite 1300
              Chicago, Illinois 60602
              Facsimile: 312.346.8434

              /s/Lindsay Wilson Gowin
              Lindsay Wilson Gowin