IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| In re Application of Holland Middle East Trading Ltd. to Obtain Discovery for Use in a Suit Pending in the Haarlem District Court of the Kingdom of the Netherlands | Case No. 08-CV-1344<br><br>Hon. Ruben Castillo<br><br>Magistrate Judge Martin C. Ashman |

### REPLY IN SUPPORT OF RESPONDENTS' MOTION TO COMPEL

In its Response, Applicant Holland Middle East Trading Ltd. ("HMET") admits that the Court ordered it to produce documents and that virtually its entire production in these proceedings consists solely of "documentary evidence [] submitted in conjunction with heavily-annotated position statements to be evaluated by the [Dutch] court." In other words, in the face of this Court's Orders and of the Federal Rules of Civil Procedure, HMET produced in this proceeding nothing more than the exhibits to its trial briefs in the underlying Dutch litigation and a handful of additional, largely irrelevant documents.

In defense of this conduct, HMET asserts that the selected exhibits are the only documents within its possession, custody, and control that are responsive to Respondents' thirteen document requests. That is, HMET asks the Court to believe that in the entire universe of potentially responsive documents generated over a four-year period –which they were required to collect, review, and produce under Federal Rules 26 and 34 – the only documents they could find are documents so beneficial to their litigation position that they attached them as exhibits to their Dutch pleadings. In light of the underlying issues in the Dutch litigation and the time period over which discovery was sought, such a claim is simply too convenient to be plausible.

The absurdity of HMET's position is illustrated starkly in its response to Respondents' Document Request No. 11, which sought several types of financial documents relevant to HMET's 33 million Euro damages claim. HMET replied that it would produce only its expert damages report, which cited documents presumably *helpful* to HMET's damages claims, but refused to produce any financial information that Respondents could use to *undermine* those claims. See Response to Request No. 11 (attached as Exhibit A to the Respondents' Motion to Compel). Once again, this is tantamount to producing one's trial exhibits in response to an FRCP 34 document request, a response that no Court could countenance as appropriate.

At a minimum, if HMET intends to persist in its claim that its Dutch litigation exhibits represent the sum total of responsive documents in this proceeding, Respondents would respectfully request that the Court order HMET, its principals, and its attorneys to certify that they have made a reasonable and diligent search for all responsive documents – in whatever form – and that HMET's production is full and complete, in accordance with the Federal Rules of Civil Procedure. Respondents would further request that the Court enforce its prior Orders that HMET and its principals appear for deposition so that Respondents can question them on, among other things, the existence, collection, production, and possible destruction of relevant documents. Finally, to the extent that HMET possesses additional responsive documents that it has refused to produce – such as those relating to damages – Respondents respectfully request that the Court order an immediate production of such documents for use in the Dutch litigation.

                                        Respectfully submitted,

Date:  July 29, 2008                  By: /s/ David W. Porteous
                                               Kurt Stitcher
                                               David W. Porteous
                                               Amy A. Pines
                                               LEVENFELD PEARLSTEIN, LLC
                                               2 N. LaSalle St., Suite 1300
                                               Chicago, Illinois  60602
                                               Phone:  (312) 346-8380
                                               Facsimile:  (312) 346-8434
                                               dporteous@lplegal.com

                                               *Attorneys for Respondents Lee S. Hillman,*
                                               *Mark C. Minter, and Power Plate North America*

## CERTIFICATE OF SERVICE

I, David W. Porteous, an attorney, hereby certify that on July 29, 2008, I caused a copy of the foregoing Reply in Support of Respondents' Motion to Compel to be filed electronically with the Clerk of the Court using the CM/ECF system, which will automatically send email notifications of such filing to the following attorneys:  Peter V. Baugher and Lindsay Wilson Gowin of Schopf & Weiss LLP, One South Wacker Drive, 28th Floor, Chicago IL 60606.

By: /s/ David W. Porteous

LEVENFELD PEARLSTEIN, LLC
2 N. LaSalle St., Suite 1300
Chicago, Illinois  60602
Phone:  (312) 344-8380
Facsimile:  (312) 346-8434
dporteous@lplegal.com

*Attorney for Respondents Lee Hillman,
Mark Minter, and Power Plate North America*